[Cite as *Wells Fargo v. Phillabaum*, 192 Ohio App.3d 712,, 2011-Ohio-1311.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
HIGHLAND COUNTY

WELLS FARGO,

    Appellant,

v.

PHILLABAUM et al.,

    Appellees.

:

:

:

:

Case No.  10CA10

DECISION AND JUDGMENT ENTRY

_____

APPEARANCES:

Lerner, Sampson & Rothfuss, L.P.A., and Deanna C. Stoutenborough, for appellant.

Legal Aid Society of Southwest Ohio, L.L.C., Noel M. Morgan, and Carrie Dettmer Slye, for appellees.

_____

CIVIL APPEAL FROM COMMON PLEAS COURT
DATE JOURNALIZED: 3-16-11

ABELE, Judge.

{¶ 1}  This is an appeal from a Highland County Common Pleas Court summary judgment in favor of Dana and Linda Phillabaum, defendants below and appellees herein, on the foreclosure action brought against them by Wells Fargo ("Bank"), plaintiff below and appellant herein.

{¶ 2}  Appellant assigns the following error for review:

The trial court erred in denying plaintiff-appellant, Wells Fargo Bank, N.A.'s motion for summary judgment and in granting defendant-appellant, Dana Phillabaum's motion for summary judgment.

{¶ 3} On September 23, 2005, appellee Dana Phillabaum purchased a home. Phillabaum executed a $89,528 promissory note with a 6¼ percent interest rate payable in monthly installments for 30 years, and a mortgage as security on that loan.[1] He and appellee Linda Ferguson (n.k.a. Linda Phillabaum) subsequently married. In late 2008, both lost their jobs and were sent into default.

{¶ 4} Appellant commenced the instant action on August 3, 2009, and requested that the principal balance of the loan be accelerated and the mortgage foreclosed. Both parties eventually requested summary judgment.

{¶ 5} The dispositive issue in the case sub judice is whether the bank complied with federal regulations, promulgated by the Department of Housing and Urban Development ("HUD"), prior to pursuing foreclosure. In the end, the trial court found that it had not and ruled in favor of the appellees. This appeal followed.

{¶ 6} In its sole assignment of error, the bank asserts that the trial court erred by denying its Civ.R. 56(C) motion and by granting summary judgment to the appellees. We disagree with appellant.

{¶ 7} Before we turn to the merits of the assignment of error, we first pause to address the appropriate standard of review. Appellate courts review summary judgments de novo. See *Broadnax v. Greene Credit Serv.* (1997), 118 Ohio App.3d 881, 887, 694 N.E.2d 167; *Coventry Twp. v. Ecker* (1995), 101 Ohio App.3d 38, 41, 654 N.E.2d 1327. In other words, we afford no deference whatsoever to a trial court's decision; *Hicks v. Leffler* (1997), 119 Ohio App.3d 424,

---

[1] Appellant was not the original lender, but rather an assignee.

427, 695 N.E.2d 777; *Dillon v. Med. Ctr. Hosp.* (1993), 98 Ohio App.3d 510, 514-515, 648 N.E.2d 1375.   Instead, we conduct our own independent review to determine whether summary judgment is appropriate.   *Woods v. Dutta* (1997), 119 Ohio App.3d 228, 233-234, 695 N.E.2d 18; *Phillips v. Rayburn* (1996), 113 Ohio App.3d 374, 377, 680 N.E.2d 1279.

{¶ 8}   Summary judgment under Civ.R. 56(C) is appropriate when a movant shows that (1) no genuine issues of material fact exist, (2) he is entitled to judgment as a matter of law, and (3) after the evidence is construed most strongly in favor of the nonmovant, reasonable minds can come to one conclusion, and that conclusion is adverse to the nonmoving party. *Zivich v. Mentor Soccer Club, Inc.* (1998), 82 Ohio St.3d 367, 369-370, 696 N.E.2d 201; *Mootispaw v. Eckstein* (1996), 76 Ohio St.3d 383, 385, 667 N.E.2d 1197.   The moving party bears the initial burden to show that no genuine issue of material fact exists and that he is entitled to judgment as a matter of law.   *Vahila v. Hall* (1997), 77 Ohio St.3d 421, 429, 674 N.E.2d 1164; *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264.   If that burden is met, the onus then shifts to the nonmoving party to provide rebuttal evidentiary materials.   See *Trout v. Parker* (1991), 72 Ohio App.3d 720, 723, 595 N.E.2d 1015; *Campco Distribs., Inc. v. Fries* (1987), 42 Ohio App.3d 200, 201, 537 N.E.2d 661.   Additionally, to the extent that this case turns on the interpretation of federal regulations, these are legal issues to which we also apply de novo review.   See generally *Howell v. Ohio Dept. of Job & Family Servs.*, Belmont App. No. 08BE25, 2009-Ohio-1510, at ¶ 29; *Dawson v. Williamsburg of Cincinnati Mgt. Co.* (Feb. 4, 2000), Hamilton App. No. C-981022 (cases applying principle to interpretation of the Ohio Administrative Code).   With these principles in mind, we turn our attention to the case sub judice.

{¶ 9}   As we mentioned above, the dispositive issue is whether the bank complied with all

pertinent HUD regulations before it initiated the foreclosure process. After our review, we agree with the trial court that it did not.

{¶ 10} The acceleration clause of the note that the appellee executed states:

> If [b]orrower defaults by failing to pay in full any monthly payment, then [l]ender may, *except as limited by regulations of the Secretary* in the case of payment defaults, require immediate payment in full of the principal balance remaining due and all accrued interest.

(Emphasis added.)[2]

{¶ 11} Both parties agree that the pertinent federal regulation at issue is set out in Title 24, C.F.R. 203.604(b), and requires a "face-to-face" interview between a mortgagor and mortgagee before three full monthly installments on the mortgage are unpaid. Here, there is no dispute that the bank did not conduct such a meeting. Instead, the bank argues that it falls under an exception to that requirement because the "mortgaged property is not within 200 miles of the mortgagee, its servicer, or a *branch office* of either[.]" (Emphasis added.) 24 C.F.R. 203.604(C). However, appellee's affidavit in support of his cross-motion for summary judgment states, "Wells Fargo has at least one branch office within 200 miles of my home" and asserts that he has visited that office at least once. This evidence is sufficient for appellee to carry his initial Civ.R. 56(C) burden, and thus, the burden shifted to the bank to provide rebuttal materials.

{¶ 12} The bank countered that the branch that appellee identified is simply a regular bank branch. It cited the HUD website (under "Frequently Asked Questions") where "branch" was qualified to mean a mortgage "servicing" office. The bank argued that the nearest "servicing center" is in Frederick, Maryland, over 200 miles away, thus bringing Wells Fargo within the regulatory exception to the face-to-face meeting requirement.

---

[2] The term "Secretary" is thereafter defined to mean "the Secretary of Housing and Urban Development."

{¶ 13} First, even if we accept the bank's interpretation of the regulation, we point out that this argument was raised in its reply memorandum, and we find nothing in the way of Civ.R. 56(C) evidentiary materials to establish that (1) there are no mortgage servicing personnel at the branch in Hamilton County or (2) the closest servicing center is in Maryland. The only affidavit that the bank submitted is attached to its original summary judgment motion, and it merely established default and the amount due and owing under the note. Absent some Civ.R. 56(C) evidentiary materials to support its claims regarding the Hamilton County branch, the bank has not carried its burden of rebuttal.[3]

{¶ 14} Second, aside from failing to carry its burden of rebuttal, we also agree with the trial court that the bank's argument is not particularly persuasive. The exception that the bank claims to fall under excuses the face-to-face meeting only if a "mortgagee, its *servicer*, or a branch office of *either*" is not within 200 miles of the property. (Emphasis added.) See 24 C.F.R. 203.604(c). Here, the trial court aptly noted that this language is phrased in the disjunctive, meaning that there must be neither a "servicer" branch nor a "mortgagee" branch within 200 miles of the property. Construing a "mortgagee" branch to mean a "servicing" center seems redundant to the reference to "servicer" earlier in that very same sentence. There is no dispute that the mortgagee in this case is Wells Fargo. Therefore, a plain reading of this subsection suggests that the exception applies only if there is no branch of Wells Fargo within 200 miles. This court has repeatedly held that statutes mean what they say. See, e.g., *State v. McPherson* (2001), 142 Ohio App.3d 274, 280, 755 N.E.2d 426; *State ex rel. Athens Cty. Child Support Enforcement Agency v. Patel*, Athens App. No. 05CA20, 2006-Ohio-2951, at ¶ 20. We see no reason to apply a different

---

[3] The bank also argues that the HUD handbook supports its interpretation of the word "branch." We reject that argument for the same reason (lack of evidentiary materials) and because it was raised for the first time on appeal.

standard simply because the issue here is a federal regulation rather than an Ohio statute.

{¶ 15} We also point out that our First Appellate District colleagues recently came to the same conclusion on this issue. See *Wells Fargo Bank, N.A. v. Isaacs*, Hamilton App. No. C-100111, 2010-Ohio-5811, at ¶ 10. Our decision is also consistent with a Second District Court of Appeals decision. See *Washington Mut. Bank v. Mahaffey*, 154 Ohio App.3d 44, 2003-Ohio-4422,796 N.E.2d 39, at ¶ 26.[4] Although not explicitly addressing the HUD website's construction of "branch," the court nevertheless rejected the bank's argument that a branch in Louisville, Kentucky excepted it from the 200-mile requirement simply because that branch did not "service" mortgage loans.

{¶ 16} If HUD desires to construe the word "branch" differently from its plain meaning, it can amend its regulation. Until directed otherwise, however, we will give those words their plain meaning. We also emphasize, as the trial court aptly noted, that nothing prohibits the bank from again seeking foreclosure once it complies with the regulation.

{¶ 17} Accordingly, based upon the reasons discussed above, we hereby overrule appellant's assignment of error and affirm the trial court's judgment.

Judgment affirmed.

HARSHA, P.J., and MCFARLAND, J., concur.

---

[4] One federal district court came to the same conclusion and declined to interpret the word "branch" in light of what was said on HUD's website. The court noted that "branch" is an unambiguous term and should be construed as it is used in common parlance. *See Kersey v. PHH Mtge. Corp*. (E.D.Va.2010), 682 F.Supp.2d 588, 602-605. This opinion was later vacated, but it is unclear why.