[Cite as *BAC Home Loans Servicing, LP. v. Taylor*, 2013-Ohio-355.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

BAC HOME LOANS SERVICING, LP fka
COUNTRYWIDE HOME LOANS
SERVICING, LP

     Appellee

     v.

VICKIE V. TAYLOR, et al.

     Appellants

C.A. No.     26423

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV 2011 02 0877

DECISION AND JOURNAL ENTRY

Dated: February 6, 2013

BROGAN, Judge.

## INTRODUCTION

{¶1} Shawn and Vickie Taylor have appealed the Summit County Common Pleas Court's grant of summary judgment in favor of BAC Home Loans Servicing, LP, fka Countrywide Home Loans Servicing, LP in this foreclosure action. This Court reverses because there is a genuine issue of material fact regarding whether BAC Home Loans satisfied the face-to-face meeting requirement of Section 203.604 of Title 24 of the Code of Federal Regulations.

## BACKGROUND

{¶2} In October 2009, the Taylors signed a promissory note for $309,270 plus 5.000% interest in favor of Union National Mortgage Company. The note was secured by a mortgage on real property located on Fairington Avenue in Copley, Ohio. In February 2011, BAC Home Loans Servicing, LP fka Countrywide Home Loans Servicing, LP filed a complaint in

foreclosure against the Taylors. BAC Home Loans alleged that it was owed $307,396.43 plus interest on the note as a result of the Taylors' default. BAC Home Loans attached copies of the note and mortgage to its complaint along with a copy of an assignment of the mortgage from Union National Mortgage Company to BAC Home Loans.

{¶3} BAC Home Loans moved for summary judgment and attached the affidavit of Audrea M. King. By affidavit, Ms. King testified that she is an officer of Bank of America N.A. "as successor by merger to BAC Home Loans Servicing, LP." She testified that Bank of America "maintains records for the [Taylors'] Loan in its capacity as . . . servicer [of the loan]" and that it has possession of the note through its position as "successor by merger" to BAC Home Loans. She further wrote that she had attached to her affidavit true and accurate copies of business records showing that the Taylors had failed to make payments on their loan after May 1, 2010, leaving a principal balance of $307,396.43 plus interest from April 1, 2010. The Taylors opposed the motion for summary judgment, and BAC Home Loans replied. The trial court granted the motion, and the Taylors timely appealed.

## REAL PARTY IN INTEREST

{¶4} The Taylors' second assignment of error is that "the trial court erred when it granted summary judgment to BAC Home Loans Servicing LP [because] BAC Home Loans . . . failed to produce admissible evidence under Civ. R. 56(C) that it had standing in this case." In support of this assignment of error, the Taylors have argued that there is a genuine issue of material fact regarding BAC Home Loans' standing because the evidence it offered in support of its summary judgment motion tended to show that Bank of America rather than BAC Home Loans held the promissory note. Therefore, according to the argument, BAC Home Loans was not the real party in interest when judgment was rendered.

{¶5}   In its complaint, BAC Home Loans alleged that it was the holder of the promissory note and attached a copy of the note, the mortgage, and an assignment of the mortgage issued to it from the lender.  BAC Home Loans had standing to invoke the jurisdiction of the trial court because, on the day it filed this foreclosure action, it presented an assignment of the mortgage in its favor from the lender.  *See Fed. Home Loan Mortg. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, ¶ 24.  The Taylors have argued, however, that BAC Home Loans was no longer the real party in interest by the time it moved for summary judgment.

{¶6}   Bank of America is first mentioned in the record in the affidavit in support of BAC Home Loans' motion for summary judgment.  The Taylors acknowledge that, via affidavit, Ms. King testified that Bank of America is the successor to BAC Home Loans via merger, but argued that Ms. King "provided no factual basis for her statement regarding the merger and provided no description of her position or job duties that would provide her qualification to make such a factual assertion."

{¶7}   Under Rule 56(E) of the Ohio Rules of Civil Procedure, "affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit. . . . When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegation or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial."

{¶8}   Ms. King testified by affidavit that she is an Assistant Vice President of Bank of America and that, in her capacity as an officer, she was "authorized to sign th[e] affidavit on behalf of . . . Bank of America, N.A., as successor by merger to BAC Home Loans Servicing,

LP[.]" She also testified that, due to her job responsibilities, she had personal knowledge of the business records attached to the affidavit that showed the Taylors had defaulted on the loan. The Taylors have not cited any authority for the proposition that the sworn testimony of a vice president of a bank regarding the bank's merger with another entity is incompetent evidence under Civil Rule 56. They also have not explained why they believe that Ms. King's testimony about the merger required some additional "factual basis" or supporting documentation of the merger. Ms. King testified that Bank of America is a successor by merger to the plaintiff in this case and the Taylors failed to counter that evidence with admissible evidence setting forth specific facts showing that there is a genuine issue for trial. *See* Civ.R. 56(E).

{¶9}    The Taylors have also argued that Bank of America rather than BAC Home Loans was the real party in interest at the time of the summary judgment motion so that Bank of America should have been joined or substituted as the party plaintiff. Civil Rule 17(A) requires that "[e]very action shall be prosecuted in the name of the real party in interest[,]" but also provides that "[n]o action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest." Civil Rule 25, which addresses the substitution of parties, provides that, "[i]n case of any transfer of interest, the action may be continued by or against the original party, unless the court upon motion directs the person to whom the interest is transferred to be substituted in the action or joined with the original party." Civ.R. 25(C). The Rules of Civil Procedure did not require a substitution of parties when Bank of America merged with the plaintiff in this action and the failure to substitute parties did not render the judgment voidable. *See GMAC Mortgage*

*LLC v. Herring*, 189 Ohio App.3d 200, 2010-Ohio-3650, ¶ 44 (2d Dist.). The Taylors' second assignment of error is overruled.

DEFENSIVE USE OF HUD VIOLATION

**{¶10}** The Taylors' first assignment of error is that the trial court incorrectly granted summary judgment to BAC Home Loans in the absence of evidence that it had complied with federal regulations issued by the Secretary of Housing and Urban Development (HUD) requiring a mortgagee to make a reasonable effort to arrange a face-to-face meeting with the mortgagor before filing a foreclosure action. They have specifically argued that the promissory note and mortgage limit the lender's rights according to HUD regulations regarding default.

**{¶11}** "This Court reviews an award of summary judgment de novo." *Wells Fargo v. Burrows*, 9th Dist. No. 26326, 2012-Ohio-5995, ¶ 8. Under Civil Rule 56(C), summary judgment is proper if: "(1) [n]o genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." *LaSalle Bank, N.A. v. Kelly*, 9th Dist. No. 09CA0067-M, 2010-Ohio-2668, ¶ 6, quoting *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977).

**{¶12}** Under Section 203.606(a) of Title 24 of the Code of Federal Regulations, "[b]efore initiating foreclosure, the mortgagee must ensure that all servicing requirements of this subpart have been met." The servicing requirements of subpart C include Section 203.604(b), which provides that "[t]he mortgagee must have a face-to-face interview with the mortgagor, or make a reasonable effort to arrange such a meeting, before three full monthly installments due on the mortgage are unpaid." Although there are exceptions to the face-to-face meeting

requirement, none apply in this case. In support of the Taylors' brief in opposition to summary judgment, they testified by affidavit that they "did not receive a notice of default regarding this debt from Plaintiff or any other company which notified me of a right to meet face to face to discuss my situation regarding the Note and Mortgage before I was sued for foreclosure. The Plaintiff did not provide an affidavit attesting to the authenticity of or mailing of any such notice of default to me prior to foreclosure." The Taylors also testified that they continue to reside at the subject property and that BAC Home Loans had local offices within 75 miles at which a face-to-face meeting could have been held.

{¶13} The Taylors have cited this Court's decision in *LaSalle Bank, N.A. v. Kelly*, 9th Dist. No. 09CA0067-M, 2010-Ohio-2668, for the proposition that "where the note or mortgage instrument requires prior notice, the provision of this notice is a condition precedent that must be demonstrated by the moving party under Civ. R. 56." *See id.* at ¶ 13-14. They have cited other Ohio appellate courts for the proposition that, when a loan is subject to HUD regulations, those regulations create conditions precedent to foreclosure. *See Wells Fargo v. Phillabaum*, 192 Ohio App.3d 712, 2011-Ohio-1311, ¶ 11 (4th Dist.); *Wells Fargo Bank, N.A. v. Isaacs*, 1st Dist. No. C-100111, 2010-Ohio-5811, ¶ 10; *U.S. Bank, N.A. v. Detweiler*, 191 Ohio App.3d 464, 2010-Ohio-6408, ¶ 53 (5th Dist.); *Washington Mut. Bank v. Mahaffey*, 154 Ohio App.3d 44, 2003-Ohio-4422, ¶ 22 (2d Dist.). BAC Home Loans has argued that HUD regulations "do not give rise to any type of contractual condition precedent to foreclosure." It has argued that the federal regulations apply to obligations existing only between the Secretary of HUD and the mortgagee and "do not place limitations on a mortgagee's right to accelerate upon default." There is no evidence in the record tending to show that BAC Home Loans attempted to arrange a face-to-face meeting with the Taylors prior to initiating this foreclosure action.

{¶14} The dispositive issue for this Court is whether BAC Home Loans was required to comply with the HUD regulation requiring a face-to-face meeting before initiating foreclosure. Although this Court has not yet faced the question, other Ohio Courts have held that, if the terms of the note and mortgage subject it to HUD regulations regarding default and acceleration, then a homeowner may use a servicer's failure to comply with those regulations to defend a foreclosure action. *See, e.g.*, *U.S. Bank, N.A. v. Detweiler*, 191 Ohio App.3d 464, 2010-Ohio-6408, ¶ 53 (5th Dist.) (holding loan was subject to HUD regulations and triable issue existed as to whether bank satisfied all conditions precedent to foreclosure, including an effort to schedule a face-to-face interview with mortgagor). The First District Court of Appeals, among others, has determined that "under the HUD regulations, [a bank] c[an] not commence foreclosure proceedings . . . until it ha[s] complied with the regulations." *Wells Fargo Bank, N.A. v. Isaacs*, 1st Dist. No. C-100111, 2010-Ohio-5811, ¶ 11. Therefore, Ohio courts have held that a bank's noncompliance with HUD regulations may bar a foreclosure action if the bank fails to meet its burden under Civil Rule 56 to support its summary judgment motion with acceptable evidence that it satisfied the HUD regulations applicable to default and acceleration. *Wells Fargo v. Phillabaum*, 192 Ohio App. 3d 712, 2011-Ohio-1311, ¶ 11 (4th Dist.) (holding bank failed to provide Civil Rule 56 evidence of compliance with federal requirement of a face-to-face meeting or show that an exception applied); *Isaacs*, 2010-Ohio-5811, ¶ 11 (holding bank did not show compliance with HUD regulation regarding a face-to-face meeting before initiating foreclosure action); *U.S. Bank, N.A. v. Stewart*, 2d Dist. No. 21775, 2007-Ohio-5669, ¶ 73 (noting various HUD regulations that holder of note was required to satisfy before foreclosing, including 24 C.F.R. 203.604 regarding face-to-face meeting); *Mahaffey*, 2003-Ohio-4422, ¶ 33 (holding evidentiary materials in support of summary judgment insufficient to establish that bank satisfied

minimal requirement for a reasonable effort to arrange a face-to-face meeting before foreclosure); *GMAC Mortgage of Pennsylvania v. Gray*, 10th Dist. No. 91AP-650, 1991 WL 268742, *6-7 (Dec. 10, 1991) (concluding that plaintiff's failure to comply with HUD regulations may be raised as an affirmative defense to a foreclosure action).

{¶15} BAC Home Loans has supported its position by citing federal cases holding that there is no private right of action for breach of the National Housing Act, HUD regulations, or FHA policy. BAC Home Loans' argument is based on federal decisions such as *Federal National Mortgage Association v. LeCrone*, 868 F.2d 190 (6th Cir.1989). It has cited *LeCrone* for the proposition that "no express or implied right of action in favor of the mortgagor exists for violation of HUD mortgage servicing policies." *Id.* at 193. After the Federal National Mortgage Association (FNMA) filed a foreclosure action against him, Robert LeCrone filed a third-party complaint against the Secretary of HUD for refusing to accept an assignment of the mortgage. He also defended the foreclosure action by arguing that FNMA had failed to comply with applicable federal mortgage servicing rules, including the face-to-face meeting requirement. The Sixth Circuit United States Court of Appeals did not reach the merits of the homeowner's arguments, however, because the case had been improperly removed to federal district court. *Id.* at 191. Therefore, it dismissed the matter for lack of subject matter jurisdiction. *Id.* As part of a discussion about why state courts do not have jurisdiction over cases brought against the federal government under the Administrative Procedure Act, the Sixth Circuit wrote that "no express or implied right of action . . . exists for violation of HUD mortgage servicing policies." *Id.* at 193. The Sixth Circuit then cited to a United States Supreme Court decision explaining that Congress never intended to make a Federal Housing Authority appraisal the equivalent of a government "guarantee to the purchaser that he was receiving a certain value for his money." *United States*

*v. Neustadt*, 366 U.S. 696, 709 (1961). Therefore, the Court explained in *Neustadt*, that "Congress did not . . . intend to convert the FHA appraisal into a warranty of value, or otherwise to extend to the purchaser any actionable right of redress against the Government in the event of a faulty appraisal . . . ." *Id.* The Taylors have not made a claim against the government in this case, so the *LeCrone* decision is not helpful.

{¶16} BAC Home Loans has also cited the federal district court case of *Mitchell v. Chase Home Finance*, *LLC*, N.D.Texas No. 3:06-CV-2099-K, 2008 WL 623395 (Mar. 4, 2008). In *Mitchell*, the homeowner sued his mortgage loan servicer for wrongful acceleration based on violations of HUD regulations. The federal district court granted summary judgment to the mortgage loan servicer because "the regulations promulgated under the National Housing Act govern relations between the mortgagee and the government, and give the mortgagor no claim for duty owed or for the mortgagee's failure to follow said regulations." *Id.* at *3; *see also In re Shirk*, 437 B.R. 592 (Bankr.S.D.Ohio 2010) (granting bank's motion to dismiss homeowner's claims against it under Rule 12(b)(6) of the Federal Rules of Civil Procedure in part because National Housing Act and attending regulations do not create private right of action to mortgagors based on mortgagee's failure to comply with regulations). Strangely, BAC Home Loans has also attempted to rely on *Wells Fargo Bank, N.A. v. Favino*, N.D.Ohio No. 1:10 CV 571, 2011 WL 1256771 (Mar. 31, 2011), despite the fact that it supports the Taylors' position that a servicer's failure to follow HUD regulations may be used as a shield by homeowners sued in foreclosure. In *Favino*, the federal district court explained that "[a] failure of a mortgagee to adhere to the HUD servicing requirements in the regulations can be an affirmative defense to foreclosure, but does not form the basis for a claim." *Id.* at *12.

{¶17} In this case, the Taylors are the defendants and they have not asserted any counterclaims against BAC Home Loans. The federal cases cited by BAC Home Loans do not address the question currently before this Court, that is, whether, under the circumstances of this case, the homeowner may use his mortgage servicer's failure to comply with HUD regulations as a shield in a foreclosure action. The question this Court must decide is not whether a homeowner may maintain a private right of action against the government or a loan servicer for HUD violations, but whether HUD violations may be asserted as a defense in a foreclosure action. BAC Home Loans has not cited any authority contrary to the rulings of the First, Second, Fourth, Fifth, and Tenth District Courts of Appeal cited above on the question of whether a servicer's violation of HUD regulations may be used defensively in a foreclosure action, and this Court has not found any. Further, in the absence of any argument that the Taylors waived their right to argue noncompliance with HUD regulations, this Court need not consider whether the defense is properly treated as an affirmative defense or condition precedent for pleading purposes.

{¶18} In this case, the note provides that, "[i]f Borrower defaults by failing to pay in full any monthly payment, then Lender may, except as limited by regulations of the Secretary in the case of payment defaults, require immediate payment in full of the principal balance remaining due and all accrued interest. . . . In many circumstances regulations issued by the Secretary will limit Lender's rights to require immediate payment in full in the case of payment defaults. This Note does not authorize acceleration when not permitted by HUD regulations. As used in this Note, 'Secretary' means the Secretary of Housing and Urban Development or his or her designee." In this case, the HUD regulations were incorporated into the note and made a part of the contract. Three times in one paragraph the note provided that the Lender's rights regarding

default are subject to HUD regulations. The mortgage contains similar language. Under section nine, captioned "Grounds for Acceleration of Debt[,]" the mortgage provides that, "Lender may, except as limited by regulations issued by the Secretary, in the case of payment defaults, require immediate payment in full . . . ." Under subsection (d) of that section, the mortgage provides that "[i]n many circumstances regulations issued by the Secretary will limit Lender's rights, in the case of payment defaults, to require immediate payment in full and foreclose if not paid. This Security Instrument does not authorize acceleration or foreclosure if not permitted by regulations of the Secretary." Contrary to BAC Home Loans' argument that federal regulations "do not place any limitations on the mortgagee's right to accelerate upon default[,]" the contract documents in this case subject the holder's rights upon default to applicable HUD regulations.

{¶19} BAC Home Loans' argument about a "private right of action" has no bearing on whether the loan is subject to HUD regulations and whether failure to comply may be used defensively to bar foreclosure. The note and mortgage at issue in this case unambiguously provide that the rights of the lender in the case of default by the borrower are "limited by regulations of the Secretary [of Housing and Urban Development or his or her designee] . . . ." Those regulations include 24 C.F.R. 203.604, which requires a face-to-face interview with the mortgagor prior to initiating a foreclosure action. BAC has not argued that it satisfied the regulation or that some exception applied in this situation. It makes no difference whether HUD regulations are meant to govern only the relationship between HUD and mortgagees. In this case, the mortgagee and the mortgagor agreed to limit the mortgagee's rights to accelerate and foreclose based on applicable HUD regulations. Thus, by contract, BAC Home Loans was required to comply with the HUD regulations governing acceleration and foreclosure, and the Taylors were entitled to use any failure to do so as a shield in the subsequent foreclosure case.

{¶20} BAC Home Loans has argued that, even if "the HUD regulations somehow govern the relationship between a mortgagee and mortgagor . . . , it is not disputed that [the plaintiff] did undertake loss mitigation efforts via the mediation process." BAC Home Loans has explained that the parties engaged in mediation after the complaint was filed, but the mediation failed because the Taylors did not qualify for a loan modification. Its argument seems to be that there was no point in complying with the HUD regulation before filing a complaint because, if the Taylors did not qualify for a loan modification five months into the litigation, they would not have qualified before the filing either, so any face-to-face meeting would have been unproductive. Therefore, BAC Home Loans has urged this Court not to adopt a "rigid reading of the HUD regulations." It has also argued that summary judgment in its favor was appropriate, regardless of whether it made any effort to comply with the HUD regulation before initiating the foreclosure action because the issue of whether it complied with the regulation is not material to the litigation.

{¶21} Evidence that a post-filing mediation failed is not evidence tending to show compliance with the federal regulation. In the foreclosure case of *Washington Mut. Bank v. Mahaffey*, 154 Ohio App.3d 44, 2003-Ohio-4422, the bank argued that the face-to-face meeting requirement did not apply because that requirement only exists before three monthly installments due on the mortgage are unpaid. *Id.* at ¶ 21. The bank argued that, after that time, the lender is under no obligation to attempt to arrange such a meeting. The Second District Court of Appeals held that, "[a] commonsense construction of the regulation is that it requires, subject to the exceptions contained in division (c)(2), that a lender either have a face-to-face interview or make a reasonable effort to arrange the interview before bringing a foreclosure action, and that the mortgagee is urged, by the regulation, to have the interview, or to make a reasonable effort to

arrange the interview, within the three-month default period. . . . Thus, the scheme of the regulation is that a lender may not commence foreclosure until at least three full monthly installments are due but unpaid, and the lender, before initiating foreclosure, must ensure that the servicing requirements have been met, including the face-to-face interview requirement." *Id.* at ¶ 22, 24. The Taylors' note and mortgage are subject to the mandatory language of the HUD regulations for default and acceleration. Thus, whether the plaintiff satisfied those requirements before initiating the foreclosure action is material to the litigation.

{¶22} It is not necessary for this Court to determine whether every federally insured loan is subject to HUD servicing regulations so that any homeowner may use a servicer's failure to comply as a defense in foreclosure. In this case, it is a simple matter of applying the plain language of the contract. As in *Mahaffey*, the evidentiary materials submitted by BAC Home Loans in this case in support of its motion for summary judgment "fail to establish, as a matter of law, that [BAC Home Loans] satisfied the minimal requirements for a 'reasonable effort' to arrange a face-to-face interview with the mortgagor, required by Section 203.604 [of Title 24 of the United States Code of Federal Regulations]. Accordingly, there is a genuine issue of material fact, [BAC Home Loans] failed to establish that it is entitled to judgment as a matter of law, and the trial court erred by awarding summary judgment." *Washington Mut. Bank v. Mahaffey*, 154 Ohio App.3d 44, 2003-Ohio-4422, ¶ 33 (2d Dist.). The Taylors' first assignment of error is sustained.

CONCLUSION

{¶23} The Taylors' second assignment of error is overruled because BAC Home Loans presented acceptable evidence of a merger and the Rules of Civil Procedure do not require a substitution of parties after a transfer of interest occurs post-filing. The Taylors' first assignment

of error is sustained because the note and mortgage are subject to HUD regulations regarding default and acceleration and the evidence in the record fails to establish, as a matter of law, that BAC Home Loans satisfied 24 C.F.R. 203.604 requiring a face-to-face meeting with the mortgagor before filing a foreclosure action. The judgment of the Summit County Common Pleas Court is reversed and this matter is remanded for further proceedings consistent with this opinion.

Judgment reversed,
and cause remanded.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

JAMES BROGAN
FOR THE COURT

MOORE, P. J.
CARR, J.
CONCUR.

(Brogan, J., retired, of the Second District Court of Appeals, sitting by assignment pursuant to §6(C), Article IV, Constitution.)


APPEARANCES:

JULIUS P. AMOURGIS and MARGARET A. MCDEVITT, Attorneys at Law, for Appellants.

MATTHEW T. ANDERSON and GREGORY H. MELICK, Attorneys at Law, for Appellee.