[Cite as *Wells Fargo Bank, N.A. v. Awadallah*, 2015-Ohio-3753.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | | |
|---|---|---|
| WELLS FARGO BANK, N.A. | | C.A. No. 27413 |
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| SAMIRA T. AWADALLAH, et al. | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | | CASE No. CV 2012 09 5442 |

DECISION AND JOURNAL ENTRY

Dated: September 16, 2015

WHITMORE, Judge.

{¶1} Appellant, Samira T. Awadallah, appeals from a foreclosure decree in the Summit County Court of Common Pleas. This Court reverses.

I

{¶2} In 2002, Ms. Awadallah and her husband, Nazal M. Awadallah, signed a promissory note and mortgage in favor of First Merit Mortgage Corporation. The note and the mortgage were prepared on Federal Housing Administration forms and state that acceleration and foreclosure are not authorized unless permitted by Housing and Urban Development regulations. Following a series of assignments, Wells Fargo Bank, N.A. ("Wells Fargo") became the holder of the note and the mortgage.

{¶3} Mr. Awadallah died in 2008, and Ms. Awadallah defaulted on the loan payments. In 2009, Ms. Awadallah and Wells Fargo executed a loan modification agreement. In 2011, Ms.

Awadallah and Wells Fargo executed a second loan modification agreement. Ms. Awadallah again defaulted on her payment obligations.

{¶4} After this default, Wells Fargo sent Ms. Awadallah a letter detailing the delinquency and providing a date by which she could bring the account current to avoid acceleration of the note. In addition, Wells Fargo sent Ms. Awadallah a certified letter requesting that she contact them "to meet * * * to review [her] financial situation and determine possible options to assist [her] in bringing [her] loan current."

{¶5} Thereafter, Wells Fargo filed the instant foreclosure action. In paragraph 5 of its complaint, Wells Fargo alleged that it had "satisfied all conditions prior to filing this complaint." Ms. Awadallah filed an answer and counterclaim. In her answer, she "denie[d] the allegations contained in ¶ 5" of the complaint. Under the heading defenses and affirmative defenses, she included that Wells Fargo "failed to give the proper and requisite notices to [her] pursuant to the terms of the Note and Mortgage." Among her counterclaims, she alleged that Wells Fargo had breached its contract because it failed to conduct a face-to-face interview with her or to make reasonable efforts to arrange such a meeting pursuant to 24 C.F.R. 203.604.

{¶6} After mediation proved unsuccessful, Wells Fargo moved for summary judgment on its complaint and the counterclaim. Ms. Awadallah failed to file a timely response to the motion. The court granted the summary judgment motion and directed Wells Fargo to "prepare and submit to the [c]ourt a proposed [j]udgment [e]ntry and [d]ecree in [f]oreclosure * * * recogniz[ing] any and all liens that are on the [p]roperty."

{¶7} Before the foreclosure decree was entered, Ms. Awadallah moved the court to vacate its judgment pursuant to Civ.R. 60(B)[1] and for leave to file her brief in opposition to summary judgment instanter. The trial court denied both motions. That same day, the trial court entered a decree of foreclosure in Wells Fargo's favor.

{¶8} Ms. Awadallah now appeals raising one assignment of error for our review.

II

Assignment of Error

THE TRIAL COURT ERRED WHEN IT GRANTED SUMMARY JUDGMENT IN FAVOR OF WELLS FARGO BANK, N.A., ON ITS COMPLAINT AS THERE WAS A GENUINE ISSUE OF MATERIAL FACT REGARDING WHETHER WELLS FARGO BANK, N.A., COMPLIED WITH THE DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT ("HUD") REGULATIONS REGARDING FEDERAL HOUSING ADMINISTRATION ("FHA") INSURED HOME LOANS AS CODIFIED UNDER 24 C.F.R. §§ 203.602 AND 203.604 AS REQUIRED PURSUANT TO PARAGRAPH 6.(B) OF THE NOTE AS WELL AS PARAGRAPH 9.(a),(d) OF THE MORTGAGE.

{¶9} Under her sole assignment of error, Ms. Awadallah challenges the grant of summary judgment because, she argues, Wells Fargo failed to demonstrate compliance with two federal regulations, namely 24 C.F.R. 203.602 (delinquency notice to mortgagor) and 24 C.F.R. 203.604 (contact with the mortgagor). We agree in part.

{¶10} As an initial matter, we address Wells Fargo's contention that Ms. Awadallah failed to preserve any error concerning 24 C.F.R. 203.602 or 24 C.F.R. 203.604. Wells Fargo argues that (1) Ms. Awadallah did not raise these arguments to the trial court prior to the entry of summary judgment and (2) her post-judgment motions addressed a different federal regulation

---

[1] Civ.R. 60(B) provides that "[o]n motion and upon such terms as are just, the court may relieve a party or h[er] legal representative from a *final* judgment, order or proceeding * * *." (Emphasis added.) The trial court's initial entry granting summary judgment was not final as it indicated that a judgment entry and foreclosure decree would be subsequently entered. We do not address this procedural irregularity because Ms. Awadallah has not assigned any error to the denial of her motions.

altogether.  Ms. Awadallah raised the issue of compliance with 24 C.F.R. 203.604 in her counterclaims and Wells Fargo addressed that regulation in its motion for summary judgment. She did not, however, raise any issue regarding compliance with 24 C.F.R. 203.602 below.  We agree with Wells Fargo that any issues regarding compliance with 24 C.F.R. 203.602 have not been preserved for our review.  But, the issues concerning 24 C.F.R. 203.604 have been preserved and will be addressed.

{¶11} 24 C.F.R. 203.604 provides, in pertinent part:

(b) The mortgagee must have a face-to-face interview with the mortgagor, or make a reasonable effort to arrange such a meeting, before three full monthly installments due on the mortgage are unpaid.  If default occurs in a repayment plan arranged other than during a personal interview, the mortgagee must have a face-to-face meeting with the mortgagor, or make a reasonable attempt to arrange such a meeting within 30 days after such default and at least 30 days before foreclosure is commenced * * * .

(d) A reasonable effort to arrange a face-to-face meeting with the mortgagor shall consist at a minimum of one letter sent to the mortgagor certified by the Postal Service as having been dispatched.  Such a reasonable effort to arrange a face-to-face meeting shall also include at least one trip to see the mortgagor at the mortgaged property * * *.

{¶12} We review a trial court's award of summary judgment de novo.  *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996).  Pursuant to Civ.R. 56(C), summary judgment is proper if:

(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977).

{¶13} The moving party bears the initial burden of informing the trial court of the basis for the motion and pointing to the parts of the record that show the absence of a genuine issue of

material fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293 (1996). "To accomplish this, the movant must be able to point to evidentiary materials of the type listed in Civ.R. 56(C)." *Id.* at 292. If the moving party meets this burden, then the non-moving party bears the burden to offer specific facts demonstrating a genuine issue for trial. *Id.* at 292-293. "However, even if the non-moving party does not respond, summary judgment may be granted only if the movant has satisfied the prerequisites to summary judgment." *Liberty Savs. Bank, F.S.B. v. Bowie*, 9th Dist. Summit No. 27126, 2014-Ohio-1208, ¶ 5, quoting *CitiMortgage, Inc. v. Firestone*, 9th Dist. Summit No. 25959, 2012-Ohio-2044, ¶ 10.

{¶14} In its motion for summary judgment, Wells Fargo argued it did "not bear the initial burden of negating an opposing party's affirmative defenses." This is a correct statement of the law. *See Todd Dev. Co., Inc. v. Morgan*, 116 Ohio St.3d 461, 2008-Ohio-87, syllabus. Ms. Awadallah, however, argues that compliance with HUD regulations is not an affirmative defense but a condition precedent. The parties do not dispute that the note and mortgage are subject to HUD regulations by virtue of the language contained in paragraph 6(B) of the note and paragraphs 9(a) and (d) of the mortgage.

{¶15} "This Court has previously held that the failure of the mortgagee to submit evidentiary materials in support of its motion for summary judgment that demonstrates it satisfied the HUD requirement to either have a face-to-face meeting or make 'reasonable efforts' to arrange such a meeting raises a genuine issue of material fact that precludes summary judgment." *Bowie*, at ¶ 8, citing *BAC Home Loans Servicing, LP v. Taylor*, 9th Dist. Summit No. 26423, 2013-Ohio-355, ¶ 22. But, we have not yet determined whether compliance with HUD regulations is a condition precedent or an affirmative defense. "Whereas an affirmative defense is separate from the merits of the plaintiff's cause of action and bars recovery even when

the plaintiff has established a prima facie case, a condition precedent is directly tied to the merits of the plaintiff's cause of action, which is itself contingent upon satisfaction of the condition." *Natl. City Mtge. Co. v. Richards*, 182 Ohio App.3d 534, 2009-Ohio-2556, ¶ 20 (10th Dist.).

**{¶16}** The distinction between a condition precedent and an affirmative defense is important because each places different burdens on the parties at the pleading and summary judgment stages. *PNC Mtge. v. Garland*, 7th Dist. Mahoning No. 12 MA 222, 2014-Ohio-1173, ¶ 23. As explained by the Seventh District:

> [I]f compliance with the above HUD regulations is a *condition precedent*, the bank must generally aver in its complaint that it has complied with all conditions precedent, the borrower then has a reciprocal burden to allege with specificity and particularity how the bank failed to comply. In a motion for summary judgment, the bank would then bear the burden of establishing the absence of any issue of material fact on the issue of whether it complied with the specific HUD regulation.
>
> Alternatively, if compliance is deemed an *affirmative defense*, the bank has no pleading burden in its complaint; the borrower must generally allege non-compliance as an affirmative defense in its answer. And on summary judgment, the bank has no burden to discuss compliance with HUD regulations in its motion, whereas the borrower bears the burden of proving its affirmative defense via the brief in opposition to summary judgment.

(Emphasis sic.) (Internal citations omitted.) *Id.* at ¶ 23-24.

**{¶17}** If, as Wells Fargo argues, compliance with HUD regulations is an affirmative defense, it had no burden to discuss compliance in its motion for summary judgment. *See id.* at ¶ 24. Rather, Ms. Awadallah bore the burden to address her affirmative defenses in a brief in opposition to the motion for summary judgment. *See id.* Ms. Awadallah did not file a timely brief in opposition to summary judgment, and she has not challenged the trial court's denial of her motion to file her brief later. Therefore, if compliance with HUD regulations is an affirmative defense, summary judgment was properly granted to Wells Fargo.

**{¶18}** On the other hand, if compliance is a condition precedent, Wells Fargo had the burden to establish the absence of a genuine issue of material fact with respect to those regulations that Ms. Awadallah had specifically and with particularity alleged its non-compliance. *See id.* at ¶ 23; *see also* Civ.R. 9(C). Only if Wells Fargo met its initial evidentiary burden would Ms. Awadallah's reciprocal burden arise. *See Dresher*, 75 Ohio St.3d at 292-293. Thus, the issue of whether compliance with HUD regulations is an affirmative defense or a condition precedent is before us in the present appeal.

**{¶19}** The appellate districts are divided on the issue of whether compliance with HUD regulations is a condition precedent or an affirmative defense. The Third, Fifth, Seventh, and Eighth Districts have held that it is a condition precedent. *Huntington Natl. Bank v. Filippi*, 3d Dist. Union No. 14-15-03, 2015-Ohio-3096, ¶ 16; *U.S. Bank, N.A. v. Detweiler*, 191 Ohio App.3d 464, 2010-Ohio-6408, ¶ 53 (5th Dist.); *Garland*, 2014-Ohio-1173, ¶ 31, *Bank of Am., N.A. v. Michko*, 8th Dist. Cuyahoga No. 101513, 2015-Ohio-3137, ¶ 18. The Second District, on the other hand, has held that it is an affirmative defense.[2] *Wells Fargo Bank, N.A. v. Goebel*, 2d Dist. Montgomery No. 25745, 2014-Ohio-472, ¶ 20.

**{¶20}** The Second District reasoned, in part, that "the law disfavors conditions precedent" and an intent to create such a condition must be obvious. *Goebel* at ¶ 24, quoting *Evans, Mechwart, Hambleton & Tilton, Inc. v. Triad Architects, Ltd.*, 196 Ohio App.3d 784, 2011-Ohio-4979, ¶ 15 (10th Dist.). HUD regulations specify, "Before initiating foreclosure, the

---

[2] In its brief, Wells Fargo indicates that the Fourth and Tenth District have also characterized this as an affirmative defense in *Wells Fargo v. Phillabaum*, 192 Ohio App.3d 712, 2011-Ohio-1311 (4th Dist.) and *GMAC Mtge. of Pennsylvania v. Gray*, 10th Dist. Franklin No. 91AP-650, 1991 WL 268742 (Dec. 10, 1991). A review of those cases, however, reveals that the issue of whether the regulations presented a condition precedent or affirmative defense was not directly before the courts. More recently, the Fourth District, has stated that it "need not weigh into this conflict" among the districts. *Wells Fargo Bank, N.A. v. Dumm*, 4th Dist. Athens No. 13CA5, 2014-Ohio-3124, ¶ 32.

mortgagee must ensure that all servicing requirements of this subpart have been met." 24 C.F.R. 203.606(a). The Second District acknowledged that this and other HUD regulations "evidence a clear intent for banks to comply with the face-to-face interview requirement before commencing foreclosure actions," but found no obvious intent to create a condition precedent because the regulations do not explicitly address "whether compliance is a condition precedent to foreclosure or whether non-compliance is an affirmative defense." *Goebel* at ¶ 25.

{¶21} By contrast, the Third and Seventh Districts have found the regulations "evince HUD's clear intent that banks must comply with the face-to-face interview * * * before commencing foreclosure actions. In other words, a bank's foreclosure action is contingent upon satisfaction of these regulations and is therefore a condition precedent." *Filippi* at ¶ 14, quoting *Garland* at ¶ 27. The Third, Fifth, and Seventh Districts have further reasoned that, where a note and mortgage are subject to HUD regulations, it is analogous to the situation where the note and mortgage require notice of a default prior to acceleration. *Filippi* at ¶ 11, 15; *Detweiler* at ¶ 52-53, *Garland* at ¶ 5-6, 28. This Court has previously held that, where prior notice of default and acceleration is required by a provision in the note or mortgage, the provision of notice is a condition precedent. *LaSalle Bank, N.A. v. Kelly*, 9th Dist. Medina No. 09CA0067-M, 2010-Ohio-2668, ¶ 13. We agree with the majority of the districts finding no reason to treat these contractual provisions differently. We, therefore, hold that, where compliance with HUD regulations is required by a note and mortgage, such compliance is a condition precedent to bringing a foreclosure action.

{¶22} In the present case, paragraph 6(B) of the note and paragraphs 9(a) and (d) of the mortgage require compliance with HUD regulations for acceleration and foreclosure. Therefore, compliance with those regulations is a condition precedent and

[the] bank must generally plead in its complaint that it has complied with the HUD regulations, which shifts the burden to the borrower to plead with particularity in the answer, pursuant to Civ.R. 9(C), which specific regulations were not complied with, in order to preserve the issue. Then upon summary judgment, the burden shifts back again to the bank, which must provide evidence sufficient to dispel a genuine issue of material fact, that it complied with the specific HUD regulation raised by the borrower in its answer.

*Garland* at ¶ 51.

**{¶23}** In paragraph 5 of its complaint, Wells Fargo alleged that it had "satisfied all conditions prior to filing this complaint." In her brief to this Court, Ms. Awadallah acknowledges that Wells Fargo adequately pled compliance with all conditions precedent to acceleration and foreclosure. Therefore, the burden shifted to Ms. Awadallah to plead with particularity which specific regulations were not complied with.

**{¶24}** In her answer, Ms. Awadallah "denie[d] the allegations contained in ¶ 5" of the complaint. In addition, she asserted that Wells Fargo "failed to give the proper and requisite notices to [her] pursuant to the terms of the Note and Mortgage." Finally, she listed a number of counterclaims, including breach of contract for failing to have or to make reasonable efforts for a face-to-face meeting pursuant to 24 C.F.R. 203.604.

**{¶25}** Wells Fargo argues that the general denial of paragraph 5 was insufficient to meet the particularity requirement of Civ.R. 9(C). In addition, it argues that the defense regarding the failure "to give the proper and requisite notices * * * pursuant to the terms of the Note and Mortgage" was also insufficient. But, it fails to address the allegations in the counterclaim.

**{¶26}** Civ.R. 8(C) provides, "When a party has mistakenly designated a defense as a counterclaim or a counterclaim as a defense, the court, if justice so requires, shall treat the pleading as if there had been a proper designation." "All pleadings shall be so construed as to do substantial justice." Civ.R. 8(F). Foreclosure actions arise in equity and "equity regards

substance rather than form." *Huntington Natl. Bank v. Payson*, 2d Dist. Montgomery No. 26396, 2015-Ohio-1976, ¶ 19. Thus, "[r]egardless whether the conditions precedent issue was properly designated in the answer and counterclaim * * * the plaintiff in a foreclosure action must prove that all conditions precedent have been met in order to meet its burden of proof for summary judgment." *Id.* at ¶ 18.

**{¶27}** In the present case, Ms. Awadallah raised compliance with 24 C.F.R. 203.604 putting Wells Fargo on notice of her contention that it had not satisfied that specific condition precedent. *See id.* at ¶ 20. Under 24 C.F.R. 203.604, a mortgagee must have a face-to-face interview with the mortgagor, or make a reasonable effort to arrange such a meeting, unless an exception applies. "A reasonable effort to arrange a face-to-face meeting with the mortgagor shall consist at a minimum of one letter sent to the mortgagor certified by the Postal Service as having been dispatched. Such a reasonable effort to arrange a face-to-face meeting *shall also include* at least one trip to see the mortgagor at the mortgaged property * * *." (Emphasis added.) 24 C.F.R. 203.604(d).

**{¶28}** In support of its motion for summary judgment, Wells Fargo's affiant averred that (1) it notified Ms. Awadallah through certified mail that her loan was in default and it would like to meet to discuss options to bring the account current and (2) it attended a mediation conference scheduled by the trial court. Ms. Awadallah concedes that Wells Fargo sent her a certified letter meeting that portion of the reasonable efforts requirement.

**{¶29}** She contends that Wells Fargo presented no evidence that its reasonable efforts included a visit to her home. Wells Fargo argues that the purpose of the face-to-face meeting is "to ensure that the parties consider loss mitigation" and, therefore, court-sponsored mediation fulfills this purpose. But "[e]vidence that a post-filing mediation failed is not evidence tending

to show compliance with the federal regulation." *Taylor*, 2013-Ohio-355 at ¶ 21. Thus, Wells Fargo only demonstrated partial compliance with 24 C.F.R. 203.604(d), which requires both a certified letter *and* at least one trip to the mortgaged property, unless an exception applies.

{¶30} Wells Fargo's argument that foreclosure is not complete until the filing of the confirmation of sale is also unpersuasive. The regulations specify that HUD servicing requirements are to be met "[b]efore initiating foreclosure." 24 C.F.R. 203.606(a). In addition, "[i]f default occurs in a repayment plan arranged other than during a personal interview, the mortgagee must have a face-to-face meeting with the mortgagor, or make a reasonable attempt to arrange such a meeting within 30 days after such default and at least 30 days *before foreclosure is commenced * * *.*" (Emphasis added.) 24 C.F.R. 203.604(b). Wells Fargo did not present any evidence that the two loan modifications with Ms. Awadallah were arranged during a personal interview or that any other exception applied.

{¶31} Wells Fargo failed to meet its burden to "provide evidence sufficient to dispel a genuine issue of material fact, that it complied with the specific HUD regulation [, namely 24 C.F.R. 203.604,] raised by [Ms. Awadallah] in [her] answer." *See Garland*, 2014-Ohio-1173 at ¶ 51. Consequently, Wells Fargo was not entitled to summary judgment.

{¶32} Ms. Awadallah's assignment of error is sustained.

### III

{¶33} Ms. Awadallah's assignment of error is sustained. The judgment of the Summit County Court of Common Pleas is reversed and this matter is remanded for further proceedings consistent with this decision.

Judgment reversed
and cause remanded.

12

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

BETH WHITMORE
FOR THE COURT

HENSAL, P. J.
SCHAFER, J.
CONCUR.

APPEARANCES:

MICHAEL J. LUBES, Attorney at Law, for Appellant.

SCOTT A. KING and JEREMY D. SMITH, Attorneys at Law, for Appellee.