**[Cite as *Wells Fargo Bank, Natl. Assn. v. Niamke*, 2014-Ohio-4785.]**

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| WELLS FARGO BANK, NATIONAL ASSOCIATION, as Trustee for the Holders of First Franklin Mortgage Loan Trust 2004-FF8, Mortgage Pass-Through Certificates, Series 2004-FF8 | C.A. No.     27305 |
| Appellee | APPEAL FROM JUDGMENT ENTERED IN THE COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| v. | CASE No.     CV-2013-06-2977 |
| MUATA NIAMKE, et al. | |
| Appellants | |

DECISION AND JOURNAL ENTRY

Dated: October 29, 2014

HENSAL, Presiding Judge.

{¶1}     Muata and Lesia Niamke appeal a judgment of the Summit County Court of Common Pleas that granted summary judgment to Wells Fargo Bank, N.A., as trustee for the holders of the First Franklin Mortgage Loan Trust 2004-FF8, mortgage pass-through certificates, series 2004-FF8, on its foreclosure action.  For the following reasons, this Court reverses.

I.

{¶2}     In July 2004, the Niamkes obtained a mortgage loan from First Franklin Financial Corp.  In April 2010, the company that was servicing the loan sent the Niamkes a notice of intent to accelerate, claiming that they were in default.  In June 2013, Wells Fargo filed a complaint of foreclosure against the Niamkes, alleging, among other things, that it had satisfied all of the conditions precedent for filing suit.

{¶3} The Niamkes answered the complaint, denying Wells Fargo's allegations. They also alleged that Wells Fargo had "failed to satisfy all conditions precedent to foreclose by failing to give the proper and requisite notices * * * pursuant [to] the terms of the Note and Mortgage, and pursuant to any applicable federal regulations * * *."

{¶4} Wells Fargo subsequently moved for summary judgment. In support of its motion, the bank filed an affidavit of one of the officers of the company that was servicing the loan. The officer averred that the Niamkes defaulted on the note by failing to make the payment that was due on May 1, 2011. She also averred that her company had sent the Niamkes a "breach letter" on April 2, 2010. The Niamkes opposed Wells Fargo's motion. The trial court granted summary judgment to Wells Fargo. The Niamkes have appealed, assigning three errors.

II.

ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED WHEN IT GRANTED SUMMARY JUDGMENT IN WELLS FARGO'S FAVOR AS THERE WAS A GENUINE ISSUE REGARDING WHETHER WELLS FARGO SENT THE NOTICE OF INTENT TO ACCELERATE TO THE NIAMKES IN ACCORDANCE WITH THE NOTICE PROVISION OF THE MORTGAGE.

{¶5} The Niamkes argue that the trial court incorrectly awarded summary judgment to Wells Fargo because there is a genuine issue of material fact regarding whether the bank satisfied all of its conditions precedent. In particular, they argue that Wells Fargo failed to send them notice of its intent to accelerate before accelerating the note, as required under the terms of the mortgage.

{¶6} Summary judgment is appropriate under Civil Rule 56(C) if:

(1) [n]o genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing

such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977). To succeed on a motion for summary judgment, the movant bears the initial burden of demonstrating that there are no genuine issues of material fact concerning an essential element of the opponent's case. *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996). If the movant satisfies this burden, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." *Id*. at 293, quoting Civ.R. 56(E). This Court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996).

{¶7} Wells Fargo argues that the Niamkes forfeited their right to challenge whether it satisfied its conditions precedent because they did not sufficiently raise that issue in their Answer. In *Third Fed. S. & L. Assn. v. Haydu*, 9th Dist. Summit No. 25985, 2012-Ohio-2887, this Court explained that, under Civil Rule 9(C), "a plaintiff may generally allege that the conditions precedent to the filing of an action have been satisfied[.]" *Id*. at ¶ 9. "[I]n order to refute such an allegation and put conditions precedent at issue, the answering party must deny performance of the conditions 'specifically and with particularity.'" *Id*., quoting Civ.R. 9(C).

{¶8} In their Answer, the Niamkes asserted that Wells Fargo "failed to satisfy all conditions precedent to foreclose by failing to give the proper and requisite notices to Defendants pursuant [to] the terms of the Note and Mortgage, and pursuant to any applicable federal regulations * * *." Upon review, we conclude that the Niamkes' statement denied performance of the notice condition with enough specificity and particularity to preserve the issue. *See Country Club Townhouses-North Unit Owners' Assn. v. Slates*, 9th Dist. Summit. No. 18491, 1998 WL 488444, *4 (Aug. 19, 1981).

{¶9} The mortgage provides that Wells Fargo "shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument." In its motion for summary judgment, Wells Fargo argued that it satisfied this condition. In support of its argument, Wells Fargo attached the affidavit of an officer of the company it had hired to service the loan. According to her affidavit, the Niamkes "defaulted on the note by failing to make payments due for May 1, 2011, or any subsequent installments." The officer also averred that her company sent the Niamkes a "Notice of Intent to Accelerate * * * on April 2, 2010, in accordance with the Note and Mortgage."

{¶10} The mortgage's notice provision describes a specific sequence of events if the Niamkes default on the loan. Following (1) the Niamkes' breach of the agreement, Wells Fargo (2) shall give notice to them before (3) accelerating the note. The affidavit that Wells Fargo submitted, however, indicates that it gave notice of its intent to accelerate before the Niamkes breached their agreement.

{¶11} Wells Fargo notes that the Notice of Intent to Accelerate that is attached to the affidavit indicates that the Niamkes actually defaulted on their loan in March 2010. It, therefore, argues that it provided the Niamkes with notice of their default after the default occurred, as required under the mortgage's notice provision. It also argues that the Niamkes did not submit any evidence to rebut its assertion that they remained in default from March 2010 through the date when it accelerated the loan.

{¶12} As explained earlier, the Niamkes had no obligation to present evidence in support of their argument until Wells Fargo met its "initial burden of demonstrating that there are no genuine issues of material fact concerning an essential element of the opponent's case." (Emphasis deleted.) *Dresher*, 75 Ohio St.3d at 292. It is not clear from the evidence Wells

Fargo submitted whether the bank provided the required notice of default before or after the Niamkes' defaulted. The affidavit that Wells Fargo submitted plainly states that the Niamkes defaulted on the note by failing to make the payments due for May 2011. There is no evidence in the record that the bank provided the Niamkes with a notice of default after they failed to make the May 2011 payment. Accordingly, we conclude that there is a genuine issue of material fact regarding whether Wells Fargo complied with the mortgage's conditions precedent. The Niamkes' assignment of error is sustained.

## III.

{¶13} The trial court incorrectly granted summary judgment to Wells Fargo. The judgment of the Summit County Court of Common Pleas is reversed, and this action is remanded for further proceedings.

Judgment reversed,
and cause remanded.

_____

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

JENNIFER HENSAL
FOR THE COURT

WHITMORE, J.
MOORE, J.
CONCUR.

APPEARANCES:

MICHAEL J. LUBES and MARK R. OWENS, Attorneys at Law, for Appellants.

DAVID A. WALLACE and MALLORY M. MOHLER, Attorneys at Law, for Appellee.