[Cite as *Wells Fargo Bank, N.A. v. Horn*, 2016-Ohio-1573.]

| | | |
|---|---|---|
| STATE OF OHIO | )<br>)ss: | IN THE COURT OF APPEALS<br>NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| | |
|---|---|
| WELLS FARGO BANK, N.A. | C.A. No.    12CA010230 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT<br>ENTERED IN THE |
| BRIAN HORN, et al. | COURT OF COMMON PLEAS<br>COUNTY OF LORAIN, OHIO |
| Appellants | CASE No.    10CV167220 |

DECISION AND JOURNAL ENTRY

Dated: April 18, 2016

CARR, Judge.

{¶1}    This matter is before the Court pursuant to remand by the Supreme Court of Ohio. The Supreme Court reversed this Court's decision in *Wells Fargo v. Horn*, 9th Dist. Lorain No. 12CA010230, 2013-Ohio-2374, and remanded the matter for consideration of Brian Horn's assignments of error. *Wells Fargo v. Horn*, 142 Ohio St.3d 416, 2015-Ohio-1484. This Court reverses and remands the judgment of the Lorain County Court of Common Pleas.

I.

{¶2}    On April 19, 2010, Wells Fargo filed a complaint in foreclosure against Brian and Carol Horn. The complaint noted that the Horns were immune from liability on the note due to bankruptcy proceedings and Wells Fargo sought to foreclose against the mortgage on a Columbia Township property that provided a security interest in the note. After Mr. Horn filed a pro se "Response to Complaint," Wells Fargo filed a motion for summary judgment. Mr. Horn retained counsel and filed a motion for leave to file an answer instanter. A magistrate

subsequently granted leave and Mr. Horn filed his formal answer to the complaint. Wells Fargo filed an amended motion for summary judgment, and Mr. Horn responded with a brief in opposition to the amended motion for summary judgment. Wells Fargo then filed a reply brief.

{¶3} On June 24, 2011, the magistrate issued its decision determining that Wells Fargo was entitled to summary judgment. The trial court issued a journal entry that same day adopting the magistrate's findings and granting summary judgment in favor of Wells Fargo. Though Mr. Horn filed a notice of appeal from the June 24, 2011 journal entry, this Court issued a journal entry dismissing the appeal on the basis that the trial court had yet to issue a judgment of foreclosure, setting forth the priority of liens on the property. On remand, Mr. Horn filed a motion to vacate the judgment pursuant to Civ.R. 60(B). The trial court subsequently denied the motion to vacate and issued the decree of foreclosure, setting forth the priority of the liens.

{¶4} Mr. Horn appealed and set forth four assignments of error. This Court held that Wells Fargo failed to demonstrate that it had standing at the time it filed the complaint, and reversed and remanded to the trial court for the complaint to be dismissed. *Wells Fargo v. Horn*, 9th Dist. Lorain No. 12CA010230, 2013-Ohio-2374. The Supreme Court of Ohio reversed our decision, holding that "[a]lthough the plaintiff in a foreclosure action must have standing at the time suit is commenced, proof of standing may be submitted subsequent to the filing of the complaint." *Wells Fargo v. Horn*, 142 Ohio St.3d 416, 2015-Ohio-1484, syllabus. The high court remanded the matter to this Court for consideration of Mr. Horn's assignments of error. *Id*. at ¶ 1.

II.

**ASSIGNMENT OF ERROR II**

THE TRIAL COURT ERRED IN FINDING WELLS FARGO BANK MADE REASONABLE EFFORTS TO ARRANGE A FACE-TO-FACE INTERVIEW (CFR 203.604)(B).

{¶5}    In his second assignment of error, Mr. Horn contends that the trial court erred in granting summary judgment because there is a question of fact regarding whether Wells Fargo made reasonable efforts to arrange a face-to-face interview prior to initiating foreclosure proceedings.  This Court agrees.

{¶6}    This Court reviews an award of summary judgment de novo.  *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996).  This Court applies the same standard as the trial court, viewing the facts in the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party.  *Viock v. Stowe-Woodward Co.*, 13 Ohio App.3d 7, 12 (6th Dist.1983).

{¶7}    Pursuant to Civ.R. 56(C), summary judgment is proper if:

(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.

*Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977).

{¶8}    The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and pointing to parts of the record that show the absence of a genuine issue of material fact.  *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293 (1996).  Specifically, the moving party must support the motion by pointing to some evidence in the record of the type listed in Civ.R. 56(C).  *Id.*  Once a moving party satisfies its burden of

supporting its motion for summary judgment with sufficient and acceptable evidence pursuant to Civ.R. 56(C), Civ.R. 56(E) provides that the non-moving party may not rest upon the mere allegations or denials of the moving party's pleadings. Rather, the non-moving party has a reciprocal burden of responding by setting forth specific facts, demonstrating that a "genuine triable issue" exists to be litigated at trial. *State ex rel. Zimmerman v. Tompkins*, 75 Ohio St.3d 447, 449 (1996).

{¶9} We note that "[a] foreclosure requires a two[-]step process." (Internal quotations and citations omitted.) *Natl. City Bank v. Skipper*, 9th Dist. Summit No. 24772, 2009-Ohio-5940, ¶ 25. "The prerequisites for a party seeking to foreclose a mortgage are execution and delivery of the note and mortgage; valid recording of the mortgage; default; and establishing an amount due." *CitiMortgage, Inc. v. Firestone*, 9th Dist. Summit No. 25959, 2012-Ohio-2044, ¶ 11. "Once a court has determined that a default on an obligation secured by a mortgage has occurred, it must then consider the equities of the situation in order to decide if foreclosure is appropriate." (Internal quotations and citations omitted.) *Skipper* at ¶ 25.

{¶10} Mr. Horn alleges there is a question of fact regarding whether Wells Fargo made reasonable efforts to schedule a face-to-face interview prior to initiating foreclosure proceedings. The Horns' loan was an FHA-insured loan, and thus was subject to the requirements of 24 C.F.R. 203.604. This Court has held that where a mortgage mandates compliance with HUD regulations, such compliance is a condition precedent to bringing a foreclosure action. *Bank of Am., N.A. v. Wiggins*, 9th Dist. Wayne No. 14AP0033, 2015-Ohio-4012, ¶ 12.[1]

---

[1] Wells Fargo argues in its merit brief that Mr. Horn forfeited any argument pertaining to the satisfaction of conditions precedent because he failed to plead that issue with specificity in his answer. This argument was not raised in the trial court so it cannot be raised for the first time on appeal. Moreover, this Court has declined to recognize such arguments where "the bank ha[s] failed to assert in its motion for summary judgment that the homeowner admitted to the bank's

**{¶11}** 24 C.F.R. 203.604(b) states:

The mortgagee must have a face-to-face interview with the mortgagor, or make a reasonable effort to arrange such a meeting, before three full monthly installments due on the mortgage are unpaid. If default occurs in a repayment plan arranged other than during a personal interview, the mortgagee must have a face-to-face meeting with the mortgagor, or make a reasonable attempt to arrange such a meeting within 30 days after such default and at least 30 days before foreclosure is commenced * * *[.]

**{¶12}** 24 C.F.R. 203.604(c) provides that "[a] face-to-face meeting is not required if: (1) The mortgagor does not reside in the mortgaged property, (2) The mortgaged property is not within 200 miles of the mortgagee, its servicer, or a branch office of either, * * * or (5) A reasonable effort to arrange a meeting is unsuccessful."

**{¶13}** What constitutes a "reasonable effort" to arrange a face-to-face meeting is addressed in 24 C.F.R. 203.604(d), which states, "A reasonable effort to arrange a face-to-face meeting with the mortgagor shall consist at a minimum of one letter sent to the mortgagor certified by the Postal Service as having been dispatched. Such a reasonable effort to arrange a face-to-face meeting shall also include at least one trip to see the mortgagor at the mortgaged property, unless the mortgaged property is more than 200 miles from the mortgagee, its servicer, or a branch office of either, or it is known that the mortgagor is not residing in the mortgaged property."

**{¶14}** Wells Fargo did not include a discussion of 24 C.F.R. 203.604 in its amended motion filed on May 12, 2011. Attached to Wells Fargo's motion, however, were five letters indicating that Mr. Horn was in default on his mortgage and encouraging Mr. Horn to contact the bank to set up a meeting. Wells Fargo also submitted the affidavit of a "Default Litigation

---

performance of all conditions precedent." *U.S. Bank, N.A. v. Greenless*, 9th Dist. Lorain No. 14CA010618, 2015-Ohio-356, ¶ 20, citing *Wells Fargo Bank, N.A. v. Beirne*, 9th Dist. Medina No. 09CA0103-M, 2011-Ohio-6678, ¶ 15.

Specialist" who averred that Mr. Horn had not responded to the letters and that there was no Wells Fargo loan servicing center within 200 miles of Mr. Horn's property. In responding to the motion for summary judgment, Mr. Horn expressly argued that Wells Fargo had failed to comply with the terms of 24 C.F.R. 203.604. Mr. Horn attached an affidavit in which he averred that Wells Fargo never arranged to have a face-to-face meeting prior to initiating the foreclosure action. Mr. Horn further averred that Wells Fargo had offices within 200 miles of the property in question, including an office in North Olmsted that Mr. Horn had visited. In its reply brief, Wells Fargo noted that Mr. Horn had merely "provide[d] information about the locations of Wells Fargo offices and [insisted] that no face-to-face meeting occurred." Wells Fargo further asserted that it had satisfied the "reasonable efforts" standard by sending five letters to Mr. Horn. In ruling on the motion for summary judgment, the magistrate found that the letters submitted by Wells Fargo constituted "sufficient evidence" that the bank made reasonable efforts to arrange a meeting. The trial court independently adopted the magistrate's decision.

{¶15} Wells Fargo failed to meet its initial *Dresher* burden to demonstrate that it complied with the condition precedent of making reasonable efforts to arrange a face-to-face meeting with Mr. Horn. In granting summary judgment, the trial court focused exclusively on the letters attached to Wells Fargo's amended motion. However, 24 C.F.R. 203.604(d) provides that sending a letter is sufficient only when the mortgagee does not have an office within 200 miles of the property in question. This Court has held that a genuine issue of material fact exists when a bank "only demonstrate[s] partial compliance with 24 C.F.R. 203.604(d), which requires both a certified letter *and* at least one trip to the mortgaged property, unless an exception applies." *Wells Fargo Bank v. Awadallah*, 9th Dist. Summit No. 27413, 2015-Ohio-3753, ¶ 29, 31. In support of its motion, Wells Fargo did not put forth a substantive argument pertaining to

why a trip to the property was unnecessary in this case. Despite the fact that Mr. Horn averred that there was a Wells Fargo branch in North Olmsted, the trial court never addressed, much less concluded, whether Wells Fargo satisfied the requirement set forth in 24 C.F.R. 203.604(d) that a representative of the mortgagee make one trip to see the mortgagor at the mortgaged property. Under these circumstances, the trial court erred by concluding that no genuine issues of material fact existed and that Wells Fargo was entitled to judgment as a matter of law.

{¶16} The second assignment of error is sustained.

### ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED IN ALLOW[ING] MANIPULATED DOCUMENTS SUBMITTED AS EVIDENCE.

### ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN WHICH JUDGMENT WAS NOT FINAL AND APPEALABLE.

### ASSIGNMENT OF ERROR IV

WAS BRIAN HORN'S ATTORNEY, MR. MARK DANN, ACTING IN CLIENT'S BEST INTEREST?

{¶17} In his first assignment of error, Mr. Horn alleges that Wells Fargo manipulated court documents in order to avoid Federal Housing Administration requirements. Mr. Horn's third assignment of error amounts to a request to recover filing fees, and, in his fourth assignment of error, Mr. Horn alleges that trial counsel was not acting in his client's best interest. As our resolution of the second assignment of error is dispositive of this appeal, we decline to address Mr. Horn's remaining assignments of error as they are rendered moot. *See* App.R. 12(A)(1)(c).

III.

{¶18} Mr. Horn's second assignment of error is sustained. This Court need not address Mr. Horn's remaining assignments of error as they are moot. The judgment of the Lorain County Court of Common Pleas is reversed and the cause remanded for further proceedings consistent with this decision.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

DONNA J. CARR
FOR THE COURT

WHITMORE, J.
MOORE, P.J.
CONCUR.

APPEARANCES:

BRIAN HORN, pro se, Appellant.

SCOTT A. KING and NICHOLAS W. MYLES, Attorneys at Law, for Appellee.