[Cite as *Bank of Am., N.A. v. Edwards*, 2017-Ohio-4343.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

BANK OF AMERICA, N.A.

      Appellee/Cross-Appellant

      v.

JOHN D. EDWARDS, et al.

      Appellants/Cross-Appellees

C.A. No.     15CA010848
               15CA010851


APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    14CV183464

DECISION AND JOURNAL ENTRY

Dated: June 19, 2017

---

CANNON, Judge.

{¶1} Appellants/Cross-Appellees, John and Stacey Edwards (collectively, "the Edwards"), appeal from the judgment of the Lorain County Court of Common Pleas. Additionally, Appellee/Cross-Appellant, Bank of America, N.A. ("Bank of America"), appeals from the court's judgment. This Court affirms in part and reverses in part.

I.

{¶2} On November 29, 2007, John Edwards signed a $151,800 note in favor of Ross Mortgage Corporation ("Ross Mortgage") for certain real property located on Cooper Foster Road in Vermillion ("the Property"). The FHA-insured loan was secured by a mortgage on the Property in favor of Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for Ross Mortgage. The mortgage identified John Edwards as the mortgagor, but Stacey Edwards also signed the mortgage for the purpose of releasing her dower interest. Both the note and the mortgage for the Property were later assigned to other banks.

{¶3} On May 12, 2014, Bank of America filed a complaint in foreclosure against the Edwards, alleging that it was the current holder of the note and mortgage for the Property. Bank of America alleged that the Edwards had defaulted on the note on September 1, 2009, and that it was entitled to accelerate the balance of the loan and seek a decree of foreclosure. The Edwards filed an answer with leave of court and raised numerous defenses. Relevant to this appeal, they alleged that Bank of America lacked standing and had brought suit without first satisfying certain conditions precedent to foreclosure.

{¶4} Bank of America ultimately moved for summary judgment, and the Edwards filed a brief in opposition. The court then received a reply brief from Bank of America, a sur-reply from the Edwards, and a response from Bank of America. Following its review of the filings, the trial court issued its judgment. The court found that Bank of America had standing to bring suit, but was not entitled to summary judgment. The court found that Bank of America had failed to prove that, before filing suit, it had complied with certain HUD regulations that were conditions precedent to foreclosure. The court wrote: "[Bank of America's] Motion for Summary Judgement is denied, [and its] complaint is hereby dismissed without prejudice. This is a dismissal on the merits. Case Closed."

{¶5} After the court entered judgment, the Edwards filed a motion to clarify, noting that the court simultaneously had dismissed the matter without prejudice and had ordered a dismissal on the merits. The Edwards asked the court to specify that its dismissal was with prejudice rather than without prejudice. Before the trial court addressed the Edwards' motion, both the Edwards and Bank of America appealed from the court's original judgment entry.

{¶6} This Court consolidated the Edwards' and Bank of America's appeals for purposes of briefing, argument, and decision. Their appeals are now before us and, collectively,

raise four assignments of error for our review. For ease of analysis, we rearrange several of the assignments of error.

## II.

{¶7} Before turning to the merits of this appeal, this Court pauses to address two points that concern the scope of our review in this matter. First, a dismissal without prejudice is ordinarily not a final, appealable order because it "constitutes a dismissal other than on the merits * * *." *Smirz v. Smirz*, 9th Dist. Lorain No. 13CA010408, 2014-Ohio-3869, ¶ 10. Here, however, the trial court specifically disposed of this matter "on the merits" with the intention of prohibiting Bank of America from proceeding against the Edwards on the basis of their current loan default. As further explained below, the court mistakenly referred to the dismissal as one "without prejudice" before later attempting to amend its entry to reflect that the dismissal was "with prejudice." Under these particular facts and circumstances, the general bar against appeals from dismissals without prejudice does not apply. *See id.* The court's judgment entry constitutes a final, appealable order from which the parties' may seek relief.

{¶8} Second, this matter involves several procedural abnormalities that we note, but reserve judgment upon due to the arguments raised on appeal. We note that only Bank of America moved for summary judgment, but rather than entering judgment in its favor or finding genuine issues of material fact remained for trial, the court entered a judgment of dismissal in favor of a nonmoving party (i.e., the Edwards). We further note that the basis for the trial court's dismissal on the merits was that the bank had not satisfied a condition precedent to foreclosure. *But see Fifth Third Mtge. Co. v. Berman*, 10th Dist. Franklin No. 15AP-394, 2015-Ohio-4466. This Court will not address issues that neither party has raised, so we caution that our decision, to the extent it does not address certain issues, should not be construed as a ratification of the

lower court proceedings. Consistent with this Court's general practice, the scope of our review is limited to the issues the parties have chosen to raise in their respective assignments of error. *See Citizens Bank Natl. Assn. v. Ranch Rd. Superior Properties, L.L.C.*, 9th Dist. Summit No. 28023, 2016-Ohio-7590, ¶ 11, quoting *State v. Thomas*, 9th Dist. Summit No. 27266, 2015-Ohio-2935, ¶ 40 ("'An appellant's assignment of error provides a roadmap for our review and, as such, directs our analysis of the trial court's judgment.'"). With the foregoing in mind, we turn to the parties' arguments.

### THE EDWARDS' ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED WHEN IT DETERMINED THAT BANK OF AMERICA HAD STANDING TO ENFORCE THE NOTE AND MORTGAGE.

{¶9} In their second assignment of error, the Edwards argue that the trial court erred when it concluded that Bank of America had standing to enforce the note and mortgage on the Property. We do not agree.

{¶10} "It is fundamental that a party commencing litigation must have standing to sue in order to present a justiciable controversy and invoke the jurisdiction of the common pleas court." *Fed. Home Loan Mtge. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, ¶ 41. "In general, '[t]o properly support a motion for summary judgment in a foreclosure action, a plaintiff must present evidentiary-quality materials showing: (1) the movant is the holder of the note and mortgage, or is a party entitled to enforce the instrument; (2) if the movant is not the original mortgagee, the chain of assignments and transfers; (3) the mortgagor is in default; (4) all conditions precedent have been met; and (5) the amount of principal and interest due.'" (Alteration sic.) *Deutsche Bank Natl. Trust Co. v. James*, 9th Dist. Summit No. 28156, 2016-Ohio-7950, ¶ 8, quoting *HSBC Mtge. Servs., Inc. v. Watson*, 3d Dist. Paulding No. 11-14-03, 2015-Ohio-221, ¶ 24. "'The lack of standing at the commencement of a foreclosure action

requires dismissal of the complaint * * *.'" *Deutsche Bank Natl. Trust Co. v. Dvorak*, 9th Dist. Summit No. 27120, 2014-Ohio-4652, ¶ 7, quoting *Schwartzwald* at ¶ 40.

{¶11} In support of its motion for summary judgment, Bank of America produced the affidavit of Carol Ann Yagusic, one of its assistant vice presidents. Yagusic averred that she had personal knowledge of Bank of America's business records, including those records associated with the loan on the Property. She averred that Bank of America, directly or through an agent, held the note for the loan at the time of filing its foreclosure complaint and that "the original note was sent to counsel for [Bank of America's] office prior to the filing of the Complaint at counsel's request."[1] Yagusic attached a copy of the note to her affidavit and incorporated it by reference as a true and accurate copy.

{¶12} Yagusic also attached to her affidavit a copy of the mortgage that the Edwards signed and an assignment of that mortgage from MERS, as nominee for Ross Mortgage, to BAC Home Loans Servicing, LP, FKA Countrywide Home Loans Servicing, LP. Yagusic attested to the fact that, on July 1, 2011, BAC Home Loans Servicing, LP merged with Bank of America. To evidence her attestation of the merger, she incorporated by reference (1) a copy of the Institutional History for BAC Home Loans Servicing, LP from the National Information Center; and (2) a copy of a Certificate of Merger from the Office of the Secretary of State in Texas. Both documents indicate that, effective July 1, 2011, BAC Home Loans Servicing, LP merged with Bank of America.

{¶13} The copy of the note for the Property that Yagusic attached to her complaint contains four endorsements. Specifically, it contains: (1) a special endorsement from Ross

---

[1] We would note that the Edwards never disputed Bank of America's later assertion in its reply brief that, on March 23, 2015, their attorney viewed the original note at Bank of America's counsel's office.

Mortgage to Countrywide Bank, FSB; (2) a special endorsement from Countrywide Bank, FSB to Countrywide Home Loans Servicing LP; (3) a special endorsement from Countrywide Home Loans Servicing, LP to Countrywide Bank, FSB; and (4) a blank endorsement by "Bank of America, N.A. successor by merger to Countrywide Bank, FSB." Although all four endorsements are undated, the blank endorsement by Bank of America is stamped below the other three endorsements that appear on the note. In her affidavit, Yagusic attested to the fact that, on April 27, 2009, Countrywide Bank, FSB was acquired by Bank of America. To evidence her attestation of the merger, she incorporated by reference a copy of the Institutional History of "Centennial Branch" from the National Information Center. The Institutional History indicates that, on April 27, 2009, Countrywide Bank, FSB was acquired by Bank of America. Moreover, the endorsements on the note (1) from Countrywide Home Loans Servicing, LP to Countrywide Bank FSB, and (2) from Bank of America in blank are both signed by the same individual: "Michele Sjolander."

{¶14} The Edwards opposed Bank of America's motion for summary judgment on the basis that the bank had not shown that it was the current holder of either the note on the Property or their mortgage. The Edwards argued that Bank of America had failed to set forth "legitimate summary judgment evidence" that it had acquired Countrywide Bank FSB, such that it had the authority to endorse the note in blank following the last special endorsement to Countrywide Bank FSB. They asserted that none of the documents attached to Yagusic's affidavit were business records of Bank of America, such that she could attest to their veracity on the basis of personal knowledge. Likewise, they challenged Bank of America's evidence with respect to the chain of assignment on their mortgage. They argued that Bank of America failed to explain why

BAC Home Loans Servicing, LP would have been assigned their mortgage when, according to the endorsements on their note, that entity never came into possession of their note.

{¶15} In response to the Edwards' brief in opposition, Bank of America filed a reply brief and another affidavit. Its second affidavit was from Celia Hernandez, another one of its assistant vice presidents. Hernandez averred that she had personal knowledge of Bank of America's business records and that she had personally examined the records before completing her affidavit. She further averred that "from a review of the business records Countrywide Bank, FSB * * * merged with and into Bank of America, National Association."

{¶16} Upon review, we cannot conclude that the trial court erred when it determined that Bank of America had standing to commence suit against the Edwards. "The holder of a note endorsed in blank is the possessor of the note. Further, a party may gain interest in a note or mortgage through a chain of mergers." (Internal citations omitted.) *Bank of Am., N.A. v. McCormick*, 9th Dist. Summit No. 26888, 2014-Ohio-1393, ¶ 8. Bank of America set forth evidence that the Edwards' note was endorsed in blank and that it was in possession of their note when it filed its complaint. Further, it set forth evidence that it previously (1) had merged with Countrywide Bank, FSB, such that it had the authority to endorse the note in blank, and (2) had merged with BAC Home Loan Servicing, LP, such that it had an interest in the Edwards' mortgage. Its first affiant attested to the fact that Bank of America had merged with both entities and set forth documents confirming the mergers. *See Wells Fargo Bank, N.A. v. Horn*, 142 Ohio St.3d 416, 2015-Ohio-1484, ¶ 19 (affiant's attestations regarding merger, viewed in conjunction with supporting documents, verified that the bank had standing to file foreclosure). In response, the Edwards failed to set forth any evidence showing that Bank of America had not, in fact, merged with those entities before filing its complaint. Thus, there was no conflicting evidence in

the record so as to create a genuine issue of material fact on the issue of whether Bank of America was the holder of the note and mortgage at the time it filed its complaint. *Compare PNC Bank, Natl. Assn. v. West*, 9th Dist. Wayne No. 12CA0061, 2014-Ohio-161, ¶ 13. Even assuming that it was error for the court to consider the uncertified merger documents attached to Yagusic's affidavit, her affidavit itself was evidence of the mergers, and the Edwards made no attempt to present conflicting evidence. *See BAC Home Loans Servicing, LP v. Taylor*, 9th Dist. Summit No. 26423, 2013-Ohio-355, ¶ 8. Upon review, the Edwards have not shown that the trial court erred by concluding that Bank of America had standing to bring this action. As such, their second assignment of error is overruled.

### BANK OF AMERICA'S ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO THE EDWARDS, FINDING NOT ONLY THAT BANK OF AMERICA, N.A., HAD FAILED TO SATISFY A CONDITION PRECEDENT TO FORECLOSURE IN COMPLYING WITH HUD REGULATIONS, BUT THAT BANK OF AMERICA, N.A., COULD NEVER SATISFY THOSE REGULATIONS, THEREBY IGNORING THE FACT THAT THE TIMING FOR COMPLIANCE WITH THOSE REGULATIONS HAVE LONG BEEN HELD AS ASPIRATIONAL AND NOT MANDATORY.

{¶17} In its second assignment of error, Bank of America argues that the trial court erred when it granted summary judgment to the Edwards for the reasons set forth in the assignment of error. We do not agree that the court erred by finding Bank of America failed to satisfy a condition precedent and finding that this compliance was mandatory.

{¶18} Appellate review of summary judgment is de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). Summary judgment is appropriate under Civ.R. 56 when: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable

minds can come to but one conclusion and that conclusion is adverse to the nonmoving party. *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327 (1977), citing Civ.R. 56(C).

{¶19} The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and pointing to parts of the record that show the absence of a genuine issue of material fact. *Dresher v. Burt*, 75 Ohio St.3d 280, 292 (1996). The movant must point to some evidence in the record of the type listed in Civ.R. 56(C) in support of the motion. *Id.* at 292-293. Once this burden is satisfied, the nonmoving party has the burden, as set forth in Civ.R. 56(E), to offer specific facts showing a genuine issue for trial. *Id.* at 293. The nonmoving party may not rest upon the mere allegations and denials in the pleadings but instead must point to, or provide, some evidentiary material that demonstrates a genuine dispute over a material fact. *In re Fike Trust*, 9th Dist. Wayne No. 06CA0018, 2006-Ohio-6332, ¶ 10.

{¶20} Initially, we note that "'[a]n appellant's assignment of error provides a roadmap for our review and, as such, directs our analysis of the trial court's judgment." *Citizens Bank Natl. Assn.*, 2016-Ohio-7590, at ¶ 11, quoting *Thomas*, 2015-Ohio-2935, at ¶ 40. In its reply brief, Bank of America argues that the trial court erred by granting summary judgment to the Edwards because the Edwards never independently moved for summary judgment. The bank did not, however, separately assign as error that the trial court procedurally erred when it disposed of this case by entering judgment in favor of the Edwards in the manner that it did. Moreover, reply briefs "should not set forth new arguments." *Smith v. Ray Esser & Sons, Inc.*, 9th Dist. Lorain No. 10CA009798, 2011-Ohio-1529, ¶ 15. Because Bank of America has not separately assigned this issue as error, we decline to address it. *See Citizens Bank Natl. Assn.* at ¶ 11. We limit our review to Bank of America's claim that the trial court erred by granting summary judgment to the Edwards on the merits.

{¶21} "This Court has held that where a mortgage mandates compliance with HUD regulations, such compliance is a condition precedent to bringing a foreclosure action." *Wells Fargo Bank, N.A. v. Horn*, 9th Dist. Lorain No. 12CA010230, 2016-Ohio-1573, ¶ 10. 24 C.F.R. 203.604(b) provides, in relevant part, that a

> mortgagee must have a face-to-face interview with the mortgagor, or make a reasonable effort to arrange such a meeting, before three full monthly installments due on the mortgage are unpaid. If default occurs in a repayment plan arranged other than during a personal interview, the mortgagee must have a face-to-face meeting with the mortgagor, or make a reasonable attempt to arrange such a meeting within 30 days after such default and at least 30 days before foreclosure is commenced * * *.

In certain instances, a face-to-face meeting is not required. *See* 24 C.F.R. 203.604(c). Specifically, the meeting need not occur if

> (1) The mortgagor does not reside in the mortgaged property,
>
> (2) The mortgaged property is not within 200 miles of the mortgagee, its servicer, or a branch office of either,
>
> (3) The mortgagor has clearly indicated that he will not cooperate in the interview,
>
> (4) A repayment plan consistent with the mortgagor's circumstances is entered into to bring the mortgagor's account current thus making a meeting unnecessary, and payments thereunder are current, or
>
> (5) A reasonable effort to arrange a meeting is unsuccessful.

*Id.* A reasonable effort

> shall consist at a minimum of one letter sent to the mortgagor certified by the Postal Service as having been dispatched. Such a reasonable effort to arrange a face-to-face meeting shall also include at least one trip to see the mortgagor at the mortgaged property, unless the mortgaged property is more than 200 miles from the mortgagee, its servicer, or a branch office of either, or it is known that the mortgagor is not residing in the mortgaged property.

24 C.F.R. 203.604(d).

{¶22} The trial court determined that the Edwards were entitled to a dismissal on the merits because Bank of America did not contend that it either conducted a face-to-face meeting with the Edwards or made a reasonable effort to do so "before three full monthly installments due on the mortgage [were] unpaid." 24 C.F.R. 203.604(b). Bank of America argues that the court erred in its decision because (1) the foregoing regulation constitutes an affirmative defense rather than a condition precedent to foreclosure, (2) the Edwards failed to adequately plead its alleged noncompliance with the foregoing regulation, and (3) the three month "timing aspect" of the regulation "is not a condition precedent to foreclosure, so long as [compliance with the remainder of the regulation] occurred prior to filing an action."

{¶23} This Court has already determined that a bank's compliance with 24 C.F.R. 203.604 is a condition precedent to foreclosure, rather than an affirmative defense. *Wells Fargo Bank, N.A. v. Awadallah*, 9th Dist. Summit No. 27413, 2015-Ohio-3753, ¶ 21. *Accord Horn*, 2016-Ohio-1573, at ¶ 10. Thus, the trial court did not err when it concluded that Bank of America's compliance with 24 C.F.R. 203.604 was a condition precedent to foreclosure. Nor did it err when it concluded that the Edwards adequately alleged Bank of America's alleged noncompliance when filing their answer.

{¶24} In its complaint, Bank of America generally alleged that it had satisfied all conditions precedent in the note and mortgage. In their answer, the Edwards generally denied Bank of America's assertion and included as two separate defenses that the complaint was barred due to Bank of America's failure to (1) "meet or comply with all conditions precedent prior to the filing of [the] action," and (2) "offer a face-to-face meeting, as required by the applicable servicing guidelines relating to the promissory note and mortgage in question." The Edwards

later specified in their brief in opposition that Bank of America had failed to comply with the provisions of 24 C.F.R. 203.604.

{¶25} Bank of America is correct in its assertion that the Civil Rules require defendants to deny the performance of conditions precedent "specifically and with particularity" when pleading. Civ.R. 9(C). "'The effect of the failure to deny conditions precedent in the manner provided by Civ.R. 9(C) is that they are deemed admitted.'" *Deutsche Bank Natl. Trust Co. v. Byrd*, 9th Dist. Summit No. 27280, 2014-Ohio-3704, ¶ 10, quoting *Bank of Am., N.A. v. Thompson*, 2d Dist. Montgomery No. 25952, 2014-Ohio-2300, ¶ 16. The record here, however, does not support the conclusion that the Edwards failed to comply with the Civ.R. 9(C) requirement of pleading with specificity the failure to fulfill a condition precedent. The Edwards alleged in their answer that Bank of America had failed to satisfy conditions precedent to foreclosure and, more specifically, had not satisfied the servicing guideline requirement of a face-to-face meeting. The Edwards' allegations "denied performance of the [face-to-face requirement] with enough specificity and particularity to preserve the issue." *Wells Fargo Bank, Natl. Assn. v. Niamke*, 9th Dist. Summit No. 27305, 2014-Ohio-4785, ¶ 8. Further, it is of no import that they addressed their allegations under the heading of "Defense[s]" because any mistake in their labeling the allegations as such "[did] not relieve [Bank of America] of its burden to satisfy conditions precedent." *Lakeview Loan Servicing, L.L.C. v. Dancy*, 9th Dist. Summit No. 27889, 2016-Ohio-7106, ¶ 12. The record supports the trial court's conclusion that the Edwards' answer satisfied the pleading requirements of Civ.R. 9(C). Thus, Bank of America's argument to the contrary lacks merit.

{¶26} It was Bank of America's assertion that the Edwards defaulted on the loan on the Property on September 1, 2009. In seeking summary judgment, Bank of America set forth: (1) a

copy of a notice of intent to accelerate the loan, dated November 24, 2009; and (2) a copy of a letter, dated March 8, 2012, from Bank of America to John Edwards, informing him that a representative from Titanium Solutions would be visiting his home within the next seven to ten days to review possible loan and assistance options. Yagusic, one of the bank's affiants, incorporated the documents by reference in her affidavit and attested to the fact that the letter dated March 8th was issued to John Edwards on that date and "addressed a face to face meeting * * *."

{¶27} In their brief in opposition, the Edwards argued that none of Bank of America's evidence showed that it had either conducted a face-to-face meeting with John Edwards or made a reasonable effort to do so "before three full monthly installments due on the mortgage [were] unpaid." 24 C.F.R. 203.604(b). They noted that there was no evidence that the letter the bank allegedly sent on March 8, 2012, was sent by certified mail and, in any event, the letter was dated several years after the alleged default. They attached to their brief the affidavit of John Edwards. In his affidavit, he averred that he never had a face-to-face meeting with Bank of America or any other lender, never received a loan modification, did not recall ever receiving any letter regarding a face-to-face meeting, and did not recall any representative from Bank of America ever visiting his property.

{¶28} In response to the Edwards' brief in opposition, Bank of America filed a reply brief in which it included the affidavit of its second affiant, Hernandez. Hernandez averred that she had personal knowledge of Bank of America's business records and that those records showed that four field visits were made to the Property in an attempt to arrange a face-to-face meeting. She averred that those visits occurred on September 18, 2011, September 20, 2011, September 21, 2011, and March 12, 2012. She further averred that Bank of America sent two

letters to the Edwards regarding a face-to-face meeting. She attested to the fact that those letters were sent on September 7, 2011, and March 8, 2012. She did not aver, however, that the letters were sent by certified mail.

{¶29} There is no dispute that the loan and the mortgage on the Property were subject to the regulations contained in 24 C.F.R. 203.604. As noted, 24 C.F.R. 203.604(b) specifically requires a lender to have "a face-to-face interview with the mortgagor, or make a reasonable effort to arrange such a meeting, *before* three full monthly installments due on the mortgage are unpaid." (Emphasis added.) Bank of America's own evidence demonstrated that any attempts it made to arrange a face-to-face meeting with John Edwards came well after that three month deadline. Although the default on the loan occurred on September 1, 2009, the earliest date that Bank of America allegedly issued John Edwards a letter regarding a face-to-face meeting was September 7, 2011, more than two years later. Thus, the trial court correctly concluded that the undisputed evidence in the record established Bank of America failed to comply with 24 C.F.R. 203.604(b).

{¶30} Bank of America asserts that the result in this case is unduly harsh because the "timing aspect" of 24 C.F.R. 203.604(b) itself "is not a condition precedent to foreclosure * * *." The bank asks us to conclude that the three month deadline is merely aspirational in nature and that, so long as the bank complied with the face-to-face meeting requirement before filing for foreclosure, it should not be penalized for its failure to strictly comply with the deadline. Based upon this record, however, we need not decide that issue. Bank of America failed to set forth any evidence that a face-to-face meeting ever occurred with John Edwards. Therefore, to show that it had complied with 24 C.F.R. 203.604(b), it had to set forth evidence that it made a reasonable effort to arrange such a meeting. 24 C.F.R. 203.604(d), which defines a "reasonable

effort" for purposes of the regulation, "requires both a certified letter *and* at least one trip to the mortgaged property, unless an exception applies." (Emphasis sic.) *Awadallah*, 2015-Ohio-3753, at ¶ 29. Bank of America never set forth any evidence that the letters it allegedly sent to John Edwards were sent by certified mail, despite the Edwards specifically raising that argument in their brief in opposition. Accordingly, even assuming the three month deadline contained in 24 C.F.R. 203.604(b) is merely aspirational, Bank of America failed to set forth evidence that it *ever* complied with 24 C.F.R. 203.604(d)'s reasonable effort requirements before filing suit. As such, the trial court did not err by dismissing the matter on the merits in favor of the Edwards. Bank of America's second assignment of error is overruled.

**BANK OF AMERICA'S ASSIGNMENT OF ERROR I**

THE TRIAL COURT ERRED AND ACTED WITHOUT JURISDICTION IN ISSUING A *NUNC PRO TUNC* ENTRY, CONVERTING ITS FINAL DISMISSAL WITHOUT PREJUDICE TO A DISMISSAL WITH PREJUDICE.

**{¶31}** In its first assignment of error, Bank of America argues that the court erred when it issued a nunc pro tunc entry in this matter. For the reasons outlined below, we agree.

**{¶32}** Civ.R. 60(A) provides:

Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time on its own initiative or on the motion of any party and after such notice, if any, as the court orders. During the pendency of an appeal, such mistakes may be so corrected before the appeal is docketed in the appellate court, and thereafter while the appeal is pending may be so corrected *with leave of the appellate court.*

(Emphasis added.) Once an appeal has been docketed, a trial court lacks jurisdiction to issue a nunc pro tunc order in the absence of leave from the appellate court. *See Evanich v. Bridge*, 9th Dist. Lorain No. 05CA008666, 2006-Ohio-648, ¶ 6.

**{¶33}** The judgment entry here contains the following language: "[Bank of America's] Motion for Summary Judgement is denied, [and its] complaint is hereby dismissed without

prejudice. This is a dismissal on the merits. Case Closed." On September 11, 2015, after both Bank of America and the Edwards had filed their respective appeals, the court issued a second entry in which it wrote: "Due to a clerical error, the Judgment Entry * * * is hereby corrected to reflect that the dismissal is a dismissal with prejudice since it was a dismissal on the merits." Neither the parties, nor the trial court, however, sought leave to correct the original judgment entry. *See* Civ.R. 60(A). Because appeals from that entry were pending and had been docketed, the trial court lacked jurisdiction to enter a nunc pro tunc entry in the absence of leave from this Court. *See Evanich* at ¶ 6. Thus, its September 11, 2015 judgment entry is a nullity. Bank of America's first assignment of error is sustained on that basis.

### THE EDWARDS' ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED BY INADVERTENTLY STATING THAT THE DISMISSAL OF THE FORECLOSURE LAWSUIT WAS "WITHOUT PREJUDICE," WHEN THE JUDGMENT DISMISSING THE FORECLOSURE LAWSUIT WAS PROPERLY DISMISSED "ON THE MERITS."

{¶34} In their first assignment, the Edwards argue that the trial court inadvertently erred when it stated that this matter was dismissed "without prejudice." They ask us to reverse this matter strictly to reflect that the matter was dismissed "with prejudice."

{¶35} As noted, the judgment entry here provides: "[Bank of America's] Motion for Summary Judgement is denied, [and its] complaint is hereby dismissed without prejudice. This is a dismissal on the merits. Case Closed." Thus, while the court reviewed the matter on the merits and dismissed the matter on the merits, it neglected to state that its dismissal was with prejudice.

{¶36} "[A] dismissal which operates as a failure *otherwise than on the merits* is without prejudice * * *." (Emphasis added.) *MBNA America Bank, N.A. v. Berlin*, 9th Dist. Medina No. 05CA0058-M, 2005-Ohio-6318, ¶ 10. Conversely, "[a] dismissal with prejudice operates as an

adjudication on the merits." *Fletcher v. Univ. Hosps. of Cleveland*, 120 Ohio St.3d 167, 2008-Ohio-5379, ¶ 16. Because the trial court here clearly dismissed this matter "on the merits" following its review of all the evidence, its entry should have reflected a dismissal with prejudice rather than without. Although the court later attempted to correct its judgment entry by issuing a nunc pro tunc entry on September 11, 2015, its nunc pro tunc entry is void for the reasons outlined in Bank of America's first assignment of error. Thus, the Edwards' first assignment of error is sustained, and this matter is remanded strictly for the purpose of correcting the judgment to reflect that the matter was dismissed with prejudice.

### III.

**{¶37}** Bank of America's first assignment of error and the Edwards' first assignment of error are sustained. Bank of America's second assignment of error and the Edwards' second assignment of error are overruled. The judgment of the Lorain County Court of Common Pleas is affirmed in part, reversed in part, and remanded for further proceedings consistent with the foregoing opinion.

Judgment affirmed in part,
reversed in part,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the

period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

 

 

TIMOTHY P. CANNON
FOR THE COURT

CARR, P. J.
HENSAL, J.
CONCUR.

(Cannon, J., of the Eleventh District Court of Appeals, sitting by assignment.)

APPEARANCES:

JOSHUA E. LAMB, Attorney at Law, for Appellants/Cross-Appellees.

STEFANIE L. DEKA and JASON A. WHITACRE, Attorneys at Law, for Appellee/Cross-Appellant.