[Cite as *Bank of New York Mellon v. Chappell*, 2018-Ohio-1879.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

BANK OF NEW YORK MELLON

    Appellee

    v.

JOSEPH E. CHAPPELL, ET AL.

    Appellants

C.A. No.    17CA011114

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    12CV175335

DECISION AND JOURNAL ENTRY

Dated: May 14, 2018

CARR, Judge.

{¶1}	Appellants, Joseph and Rebecca Chappell, appeal the judgment of the Lorain County Court of Common Pleas. This Court affirms.

I.

{¶2}	On February 21, 2012, Bank of New York Mellon filed a foreclosure action against Joseph and Rebecca Chappell in the Lorain County Court of Common Pleas. The action concerned the property located at 17814 West Rd., Wellington, Ohio. In addition to claims seeking recovery on the note and mortgage, the complaint also included a claim for reformation of the legal description of the property. After unsuccessfully moving the trial court to dismiss the complaint, the Chappells filed an answer as well as four counterclaims against the Bank. The Chappells alleged that the Bank had violated the Fair Debt Collection Practices Act and the Consumer Sales Practices Act. The Chappells further alleged counts of common law fraud and invasion of privacy by intrusion upon seclusion.

{¶3} The Bank filed a motion to dismiss the counterclaims. The Chappells filed an opposition to the motion to dismiss and the Bank replied thereto. A magistrate issued a decision denying the motion to dismiss. The Bank filed timely objections to the magistrate's decision. The Chappells filed a brief in response to the objections. Thereafter, the trial court issued a journal entry adopting the magistrate's decision in part, but sustaining several of the Bank's objections and granting the motion to dismiss with respect to Chappell's claims for fraud and invasion of privacy by intrusion upon seclusion. Subsequently, the Bank obtained summary judgment against the Chappells on the remaining counterclaims.

{¶4} The matter proceeded to a trial before a magistrate on the underlying foreclosure action. The Bank offered numerous exhibits at trial in addition to the testimony of a custodian of business records. Mr. Chappell testified on his own behalf. On December 29, 2016, the magistrate issued a decision granting judgment in favor of the Bank on its claims relating to the note and mortgage. With respect to the reformation claim, the magistrate determined that reformation was unnecessary and that the property was adequately described in the deed. In reaching its decision on the underlying foreclosure, the magistrate noted that Mr. Chappell's testimony lacked credibility given that his testimony at trial contradicted his prior deposition testimony.

{¶5} The Chappells filed numerous objections to the magistrate's decision. On March 16, 2017, the trial court issued a journal entry overruling the Chappells' objections and adopting the magistrate's decision.

{¶6} On appeal, the Chappells raise two assignments of error.

II.

## ASSIGNMENT OF ERROR I

THE COMMON PLEAS COURT ERRED IN FINDING THE CHAPPELLS DEFAULTED, DESPITE THEIR CONTINUOUS PAYMENTS.

{¶7} In their first assignment of error, the Chappells argue that the trial court erred in concluding that they defaulted on their mortgage because they continued to make payments in an amount that they thought was correct. In support of this position, the Chappells contend that the Bank failed to satisfy a condition precedent when it did not provide notice of an increase in the amount of the monthly payments. While the Chappells acknowledge that the note stated that the monthly payments would increase after 60 months, they emphasize that the note further specified that the Bank would provide notice of the increase as a condition precedent to instituting foreclosure proceedings.

{¶8} Civ.R. 9(C) requires that a defendant in a civil action must deny the performance of a condition precedent "specifically and with particularity" when pleading. *Bank of Am., N.A. v. Edwards*, 9th Dist. Lorain Nos. 15CA010848, 15CA010851, 2017-Ohio-4343, ¶ 25. "'The effect of the failure to deny conditions precedent in the manner provided by Civ.R. 9(C) is that they are deemed admitted.'" *Id*., quoting *Deutsche Bank Natl. Trust Co. v. Byrd*, 9th Dist. Summit No. 27280, 2014-Ohio-3704, ¶ 10, quoting *Bank of Am., N.A. v. Thompson*, 2d Dist. Montgomery No. 25952, 2014-Ohio-2300, ¶ 16.

{¶9} Here, the magistrate found that the Chappells failed to deny the performance of a condition precedent specifically and with particularity in accordance with Civ.R. 9(C). In ruling on the Chappells' objections to the magistrate's decision, the trial court concluded that the payment increase was not conditioned upon the Bank providing notice because the payment increase was "an express term clearly spelled out in the note." The trial court further concluded that "[e]ven if the notice is to be considered a condition precedent, pursuant to [Civ.R.] 9(C), [the Chappells] failed to deny it specifically and with particularity."

{¶10} Assuming without deciding that providing notice of the payment increase was a condition precedent as the Chappells' contend, a review of the Chappells' answer to the complaint reveals that they failed to deny the performance of a condition precedent specifically and with particularity. In its complaint, the Bank alleged that the conditions of the mortgage had been broken due to the Chappells' default and that "the conditions precedent have been satisfied[.]" *See* Civ.R. 9(C) ("[I]t is sufficient to aver generally that all conditions precedent have been performed or have occurred."). In their answer, the Chappells broadly averred that they "specifically deny that [the Bank] has complied with all conditions precedent." In another paragraph setting forth an affirmative defense, the Chappells averred that "[the Bank] failed to provide a proper notice of acceleration, which is a condition precedent to filing for foreclosure." Significantly, however, the Chappells did not state in their answer that the Bank failed to satisfy a condition precedent by failing to provide notice of an increase in the amount of their monthly payments. Under these circumstances, where the Chappells failed to deny the performance of a condition precedent specifically and with particularity, the allegations in the complaint are deemed admitted and the Chappells are precluded from raising the issue on appeal. *See generally Huntington Bank v. Popovec*, 7th Dist. Mahoning No. 12 MA 119, 2013-Ohio-4363, ¶ 16.

{¶11} The first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

THE COMMON PLEAS COURT ERRED BECAUSE[] FORECLOSURE AGAINST THE CHAPPELLS IS INEQUITABLE.

{¶12} In their second assignment of error, the Chappells contend that the trial court erred by concluding that foreclosure was an equitable remedy in this case. This Court disagrees.

{¶13} We note that "[a] foreclosure requires a two[-]step process." (Internal quotations and citations omitted.) *Natl. City Bank v. Skipper*, 9th Dist. Summit No. 24772, 2009-Ohio-

5940, ¶ 25. "The prerequisites for a party seeking to foreclose a mortgage are execution and delivery of the note and mortgage; valid recording of the mortgage; default; and establishing an amount due." (Internal quotations and citations omitted.). *CitiMortgage, Inc. v. Firestone*, 9th Dist. Summit No. 25959, 2012-Ohio-2044, ¶ 11. "Once a court has determined that a default on an obligation secured by a mortgage has occurred, it must then consider the equities of the situation in order to decide if foreclosure is appropriate." (Internal quotations and omitted.) *Skipper* at ¶ 25.

**{¶14}** While a trial court is required to weigh the equities and determine if foreclosure was an appropriate remedy, the issue is not always raised in the trial court. *See Skipper* at ¶ 26. "In the absence of an affirmative demonstration to the contrary, we presume the trial court properly considered the equities[.]" *Skipper* at ¶ 27, citing *First Knox Natl. Bank v. Peterson*, 5th Dist. Knox. No. 08CA28, 2009-Ohio-5096, ¶ 22. Here, the Chappells raised the equitable remedy issue below and the trial court ultimately determined that "the Chappells did not have an equitable basis to avoid foreclosure." A trial court's decision with respect to whether foreclosure is an equitable remedy is reviewed for an abuse of discretion. *See generally PHH Mtge. Corp. v. Barker*, 190 Ohio App.3d 71, 2010-Ohio-5061, ¶ 35 (3d Dist.). An abuse of discretion is more than an error of judgment; it means that the trial court was unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

**{¶15}** In support of their assignment of error, the Chappells contend that foreclosure was not an equitable remedy because they consistently made payments to the Bank and they were unaware that the amount of their monthly payments had increased. The Chappells further assert that this case is analogous to the circumstances confronted by the Third District in *Barker* in that

the Bank failed to adequately communicate whether the Chappells would have an opportunity to cure the deficiency on the loan.

{¶16} The Chappells' argument with respect to whether foreclosure was an equitable remedy is without merit. As an initial matter, while the Chappells contend that foreclosure was not an equitable remedy because they never knew about the payment increase, the trial court specifically rejected this position and determined that "[the Chappells] were aware of the date and amount of payment change as those terms were directly stated in the note." Though the Chappells point to Mr. Chappell's testimony at trial in support of their position that they never knowingly violated the terms of the note, the trial court agreed with the magistrate's determination that Mr. Chappell's testimony lacked credibility. Moreover, while the Chappells analogize this case to the circumstances in *Barker*, we note that *Barker* involved a scenario where the mortgagors received "conflicting communications" from the bank regarding the status of their mortgage. *Barker* at ¶ 38. The communication issues played a role in the trial court's decision to reinstate the mortgage. *Id*. at ¶ 38-41. In contrast, the trial court here specifically found that "the Chappells were not getting conflicting communications from [the Bank]" and determined that foreclosure on the mortgage was appropriate. The Chappells' equity argument on appeal is predicated upon a more favorable version of the facts than that reached by the trial court. We are mindful, however, that "[o]n the trial of a case, either civil or criminal, the weight to be given the evidence and the credibility of the witnesses are primarily for the trier of the facts." *State v. DeRouchie*, 9th Dist. Lorain No. 91CA005019, 1991 Ohio App. LEXIS 4162, *10-11 (Sep. 4, 1991). Under these circumstances, where the Chappells have not made an affirmative demonstration that foreclosure was not an equitable remedy, we cannot say that the trial court abused its discretion in its equitable determination.

**{¶17}** The second assignment of error is overruled.

## III.

**{¶18}** The Chappells' assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

––––––

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellants.

DONNA J. CARR
FOR THE COURT

HENSAL, P.J.
SCHAFER, J.
<u>CONCUR</u>

APPEARANCES:

ANDREW J. GERLING, Attorney at Law, for Appellants.

LAURA C. INFANTE and JASON A. WHITACRE, Attorneys at Law, for Appellee.